DON ALEJANDRO, DON ANDRÉS, DON PEDRO, DOÑA MARÍA DE LA PAZ, DOÑA MARÍA JULIA, Y DOÑA RAFAELA FRANCESCHI, DOÑA TERESA CAPÓ, VIUDA DE ANTONSANTI, DOÑA CARMEN DON FRANK Y DON LUIS ANTONSANTI, Y TERESA, ELENA, MIGUEL Y CARMEN, hijos de DON MIGUEL ANTONSANTI, representada esta última por su defensora judicial guardián, *ad litem,* DOÑA TERESA CAPÓ, VIUDA DE ANTONSANTI, demandantes y apelantes *v.* LA SOCIEDAD CIVIL AGRÍCOLA "MARIO MERCADO E HIJOS", demandada y apelada.

No. 3934.—*Visto:* Enero 18, 1927. *Resuelto:* Enero 16, 1928.

1. QUIEBRAS—DERECHOS, REMEDIOS Y REHABILITACIÓN *(Discharge)* DEL QUEBRADO —DE LA REHABILITACIÓN—EN GENERAL.—Una resolución *ex-parte* sobreseyendo y archivando un procedimiento de quiebra por sí sólo, no rehabilita al quebrado; para rehabilitar a éste y colocarle en situación de poder demandar en reclamación de propiedad bajo *custodia legis* con motivo de tal procedimiento, hay que hacer mucho más que tal sobreseimiento y archivo.

2. DESISTIMIENTO Y *Non Suit*—INVOLUNTARIO—ABANDONO O CAPACIDAD DE LA INSTANCIA.—Una corte de distrito no tiene autoridad para librar *ex-parte* una resolución sobreseyendo y archivando un procedimiento de quiebra iniciado en el año 1885 por falta de caducidad de la instancia y a moción de los herederos de los socios de la sociedad que se adjudicó en quiebra por virtud de dichos procedimientos.

3. SENTENCIA—CONFUSIÓN *(Merger)* IMPEDIMENTO U OBSTÁCULO *(Bar)* DE CAUSAS DE ACCIÓN Y DEFENSAS — SENTENCIAS EFICACES COMO IMPEDIMENTO *(Bar)*—EN GENERAL.—Dictado un fallo en que la corte resuelve, entre otras cosas, que los demandantes no tenían capacidad para seguir el pleito y que se necesitaban medios, no cumplidos, para rehabilitar a un quebrado, la obtención de una orden de una corte de distrito archivando el pleito de quiebra no introduce nuevos elementos bastantes para permitir a los demandantes y apelantes presentar un nuevo pleito bajo la teoría de que la causa de acción ha variado, y la decisión anterior es completamente *res judicata.*

4. QUIEBRAS—LEY DE QUIEBRAS DE 1898—EFECTO RETROACTIVO.—La ley de quiebras de 1898 no tiene efecto retroactivo sobre quiebras que ya habían sido declaradas como tales ni por ellas las cortes insulares fueron privadas de la jurisdicción que ya habían adquirido.

5. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—SU SUFICIENCIA—NOTIFICACIÓN AL SUB-SECRETARIO.—En las ape-

laciones, se cumple con la ley suficientemente al hacer la notificación. del escrito de apelación al sub-secretario, en vez del secretario mismo.

6. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—IDENTIFICACIÓN DE LA SENTENCIA APELADA.—Cuando sólo ha habido una sentencia, una apelación de la sentencia la identifica suficientemente.

7. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—SU SUFICIENCIA.—Cuando existen varios demandantes y el escrito de apelación dice ''la demandante apela de la sentencia'' y está firmado por el ''abogado de los demandantes'' la notificación de apelación se estima que es suficiente *(decisión por mayoría).*

8. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE JURISDICCIÓN APELATIVA.—Cuando hubiere dudas respecto a si la corte hubiere adquirido la debida jurisdicción apelativa a los efectos de la concesión o denegación de una moción de desestimación, es preferible resolver la cuestión en el sentido de decidir el recurso sobre sus méritos.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), declarando sin lugar la demanda, con costas. *Confirmada.*

*R. Cuevas Zequeira, Frank Antonsanti, Ricardo Gómez* y *R. Arjona Siaca,* abogados de los apelantes; *Alberto* y *José A. Poventud,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Con anterioridad al 8 de junio de 1885 existía en Guayanilla la sociedad mercantil de Antonsanti & Franceschi. En dicho día la sociedad solicitó de la corte correspondiente la declarara en quiebra. El 12 de junio de 1885 se hizo la adjudicación de quiebra y se nombró un comisario y un depositario. Los miembros de dicha sociedad eran J. Angel Franceschi y Francisco Antonsanti. Este pleito fué entablado conjuntamente por todos los herederos de cada uno de dichos socios. Después de varios pasos preliminares, incluyendo una contestación y un juicio, la Corte de Distrito de Ponce dictó sentencia a favor de la demandada.

Anteriormente, mientras el procedimiento de quiebra estaba en el mismo estado en que había permanecido durante años, todos los herederos de dichos dos socios radicaron una demanda, similar por su naturaleza a la presente. Tanto la Corte Suprema de Puerto Rico como la de Circuito de

Apelaciones han conocido de dicho pleito y han resuelto a favor de la demandada. Este caso puede hallarse en 26 D.P.R. 495, bajo el título de *Franceschi et al.* v. *Trujillo & Mercado.*

En dicho caso esta corte revisó los hechos en virtud de los cuales la hacienda "Rufina," que anteriormente pertenecía a la firma en bancarrota, pasó a la demandada. Los herederos de un acreedor hipotecario habían entablado un procedimiento para ejecutar la hipoteca. Ellos entablaron la demanda contra el síndico en el procedimiento de quiebra. Los herederos de la firma en quiebra entre otros ataques habían impugnado el procedimiento hipotecario por el fundamento de que el síndico no tenía representación de la firma en quiebra y que por lo tanto no podía ser demandado en el procedimiento ejecutivo hipotecario. Los entonces demandados, quienes son en efecto la demandada en el presente caso, alegaron que los herederos de Antonsanti y Franceschi no tenían capacidad para demandar.

Esta corte entonces revisó el estado de la ley con respecto a la suspensión de los procedimientos de quiebra y resolvió que dichos procedimientos no habían sido suspendidos y por consiguiente que los entonces demandantes no tenían capacidad para demandar. Los apelantes en el presente caso parecen creer que meramente resolvimos que ellos, los herederos de Antonsanti y Franceschi, no habían dado los pasos necesarios para suspender el procedimiento de quiebra. Decidimos más. Inherente a nuestra decisión, y creemos que lo dijimos directamente, estaba la proposición de que la sociedad quebrada no tenía poder para suspender el pleito o para efectuar su rehabilitación a menos que se tomaran ciertos pasos, entre ellos notificar a los acreedores y darles la oportunidad de ser oídos en el procedimiento de quiebra. Citamos al efecto del tomo 96 Jur. Civ. 822. Un procedimiento de quiebra concierne más que

a nadie a los acreedores. En el presente pleito se levantó la alegación de *res adjudicata.*

Con el fin de tratar de causar una rehabilitación, los aquí demandantes el 30 de diciembre de 1918 obtuvieron una orden de la Corte de Distrito de Ponce. Esta orden, copiada de la demanda enmendada, dice así:

"En la Corte de Distrito del Distrito Judicial de Ponce, Puerto Rico, año 1885, caso civil relativo a la quiebra de Antonsanti y Franceschi, procedente del extinguido Juzgado de Primera Instancia de Ponce, P. R. Resolución. Dada cuenta por el Secretario de esta Corte, de que el caso arriba mencionado, titulado QUIEBRA DE ANTONSANTI & FRANCESCHI, fué radicado en el año 1885, y que no se ha hecho progreso alguno durante los últimos 25 años en el mismo, la Corte por la presente, y teniendo en cuenta la Regla para el sobreseimiento de casos civiles vigente en esta Corte de Distrito, aprobada en 21 de Julio de 1917, y además las secciones 410, 411 y 412 de la Ley de Enj. Civil española relativa a la caducidad de la instancia y el caso de Suc. Chavier v. Suc. Giraldez, resuelto por el Hon. Tribunal Supremo de Puerto Rico, reportado en 15 D.P.R. página 154, por la presente ordena y decreta el sobreseimiento y archivo de todos los autos de este caso de quiebra."

[1, 2, 3] No hallamos nada en esta orden que cause la rehabilitación de los anteriores demandantes o que les ponga ante las cortes en una situación que no tenían antes. El procedimiento fué enteramente *ex parte.* Las partes no trataron de notificar a ninguno de los anteriores acreedores, según habíamos resuelto que era necesario, y la orden puede considerarse que es enteramente nula. Es posible que pudiéramos haber estado equivocados pero así se resolvió y ello es obligatorio para los actuales demandantes. El caso anterior tan sólo por esta razón es *res adjudicata.*

Además, la resolución en términos únicamente desestimaba el procedimiento. Ello equivalía al archivo del procedimiento de quiebra. Resolvemos que era necesario hacer mucho más para rehabilitar a los quebrados y colocarles en situación de poder demandar, reclamando propiedad que estaba en *custodia legis* con motivo del procedimiento de quie-

bra. En un procedimiento de quiebra el archivo o la tentativa de sobreseer el procedimiento no rehabilita al quebrado.

También podría sugerirse que la actuación de la corte hizo que la propiedad quedara en *gremio legis*. Los quebrados no tenían más derecho a ella que los acreedores.

No estamos resolviendo que el síndico no era una parte demandada adecuada en el pleito original o algo así. Estamos siguiendo las presunciones de la demanda. Resolvemos un poco más estrictamente que la Corte de Distrito de Ponce no tenía autoridad para librar *ex parte* la resolución que dictó.

Igualmente dudamos que los herederos de la sociedad en quiebra tuvieran personalidad alguna en el procedimiento de quiebra y que la firma misma en quiebra pudiera hacer otra cosa que no fuera pedir su rehabilitación. Se nos ocurre que el tratar de rehabilitar a un quebrado es similar a la posición de un demandado contra quien se ha dictado sentencia y solicita se desestime el recurso por no haberse expedido nunca orden de ejecución. La adjudicación es equivalente a una sentencia. *In re McKee*, 214 Fed. 891.

Siendo de la naturaleza de una sentencia, lo único que un quebrado puede abandonar es el derecho a ser exonerado o rehabilitado. Un procedimiento de quiebra tiene dos aspectos. Una cosa es la entrega del activo a sus acreedores. Otra su rehabilitación. Bajo circunstancias como las del presente caso, hasta que el quebrado sea rehabilitado, puede decirse que está *civiliter mortuus* y no tiene personalidad ante ninguna corte. Artículos 1035, 1036, 1168 y 1169 del Código de Comercio de 1829, vigente al tiempo en que se hizo la petición de quiebra; *Herndon* v. *Howard*, 9 Wallace 664; *Fisher* v. *Vose*, (La.) 38 A. D. 243, 244; *In re Henry Wood Sons Co.*, 279 Fed. 608. Según la resolución de diciembre 30, 1918, la firma en quiebra se hallaba más lejos que nunca de la posibilidad de ser rehabilitada o de adquirir un estado civil. Conforme dijimos en nuestra de-

cisión anterior, los herederos de los socios individuales no pueden adquirir ningunos derechos que la firma en quiebra no tenía.

La Corte de Distrito de Ponce dictó una opinión en el presente pleito y estamos inclinados a convenir con sus fundamentos principales, incluyendo el hecho de que la entidad social de Antonsanti & Franceschi independientemente de sus socios individuales nunca fué rehabilitada. La corte inferior estaba enteramente en lo cierto al decir que la situación legal no había variado. No estamos de acuerdo con la apelada en que la ley de quiebras federal de 1898 privó a la Corte de Distrito de Ponce de jurisdicción.

[4] Nada hay en dicha ley que cambie la regla general de que un estatuto tiende a mirar hacia adelante y es para aplicarse a acciones presentadas en el futuro. Nos sentimos obligados a resolver que la ley de 1898 no tenía efecto retroactivo sobre quiebras que ya habían sido declaradas como tales, y que las cortes insulares no fueron privadas de la jurisdicción que ya habían adquirido. La suspensión de los procedimientos locales contenida en las leyes nacionales se refiere únicamente a procedimientos futuros.

[5] La apelada presentó una moción de desestimación. Creemos que se cumple con la ley suficientemente al hacer la notificación al subsecretario, en vez de al secretario mismo. *Qui facit per alium, facit per se.* La notificación de la apelada *prima facie* era correcta.

[6] Similarmente, como tan sólo hubo una sentencia, hay jurisprudencia al efecto de que una apelación de la sentencia la identifica suficientemente.

[7] Aunque los otros miembros de este tribunal sustentan un criterio distinto, el juez que suscribe tiene serias dudas respecto a si esta corte adquirió la debida jurisdicción por otro motivo. El escrito de apelación, aunque está firmado por R. Arjona Siaca, "abogado de los demandantes," dice: "La demandante apela de la sentencia." Ha-

bía catorce o más demandantes y no se identifica cuál de ellos es el que apela. En un pleito como el presente no hay lugar a duda de que uno solo que apelara no podría transferir la jurisdicción. De todos modos es imposible deducir del escrito mismo cuál de los demandantes es el que apela. Ciertamente la antigua sociedad de Antonsanti & Franceschi no es la que está apelando, ni tampoco la palabra "demandante" describe todas las sucesiones, ya que hay dos. Suponiendo que la Corte de Circuito de Apelaciones condenara en costas, nadie sabría contra quién proceder. Este mismo error tiende a demostrar que los apelantes estaban pensando en acontecimientos enteramente relegados al pasado.

, [8] Bajo estas circunstancias, aunque el juez que suscribe se inclina a creer que nunca se transfirió propiamente la jurisdicción a esta corte, estaría dispuesto a seguir el camino trazado por nosotros en el caso de *Sucesión Igaravídez et al.* v. *Rubert Hermanos et al.*, 23 D.P.R. 293. Al final de la opinión dijimos:

"De todos modos, si alguna duda pudiera haber sobre denegación o concesión de la moción para que se desestime el recurso preferimos resolverlo en el sentido de decidir el caso por sus méritos por cuanto esa resolución conduce a la confirmación de la sentencia."

Estando satisfechos de que nuestra decisión anterior es enteramente *res adjudicata*, y por los otros motivos indicados, *la sentencia debe ser confirmada.*