La Sucesión de Alejandro Franceschi, et al., demandante y apelante, *v.* La Sociedad Civil Agrícola Mario Mercado e Hijos, demandada y apelada.

No. 4738.—*Sometido:* Junio 25, 1929. *Resuelto:.* Julio 22, 1930.

*R. Arjona Siaca, F. Antonsanti, Ricardo A. Gómez* y *R. Cuevas Ze-queira,* abogados de los apelantes; *José A.* y *Alberto S. Poven-tud.* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta contra resolución que aprobó un memorándum de costas. La parte apelada nos pide en su alegato contestando al de los apelantes que desestimemos la apelación porque en la transcripción de los autos que nos ha sido presentada no se incluye la resolución de la orden apelada registrada por el secretario.

En la transcripción ha sido copiada íntegramente la resolución firmada por el juez en la cual después de exponer los motivos que tuvo para ella termina desestimando la impugnación hecha a los honorarios de abogado del memorándum, aprobando el memorándum y ordenando su cumplimiento.

Dados los términos de esa resolución no era necesario que el secretario registrase independientemente de ella otra resolución en los autos. Los casos citados por el apelado en apoyo de la desestimación solicitada no son aplicables al presente porque en aquéllos se trajeron a esta corte las resoluciones declarando con lugar excepciones previas opuestas a la demanda y no las sentencias que como consecuencia de aquéllas fueron dictadas y que fueron las apeladas. La desestimación de esta apelación debe ser negada.

En este caso fué impugnada por excesiva la partida de honorarios de abogado del memorándum de costas y se apela de la resolución que desestimó esa impugnación y que aprobó el memorándum como fué radicado.

Los herederos de los dos socios que constituyeron la sociedad mercantil Antonsanti & Franceschi establecieron pleito contra la sociedad Trujillo & Mercado para que fuese anulado el juicio ejecutivo y le devolviesen la hacienda "Rufina" con los frutos producidos. La corte de distrito

dictó sentencia declarando con lugar la demanda pero fué revocada por este Tribunal Supremo. El motivo que tuvimos para declarar sin lugar la demanda fué que los herederos de Antonsanti y de Franceschi no tenían personalidad para demandar porque sus causantes fueron declarados en quiebra, sin que el hecho de haber quedado sin tramitación el procedimiento de quiebra desde el año 1888 dejara sin efecto la inhabilitación de sus padres. Apelada nuestra sentencia a la Corte de Circuito de Boston, ésta, después de reproducir íntegramente la opinión de esta corte la confirmó en un *per curiam*, resolviendo previamente que no procedía la desestimación de la apelación que se solicitó ante ella por el hecho de que posteriormente al fallo la Corte de Distrito de Ponce hubiera declarado caducada la instancia en el procedimiento de quiebra y que por ese motivo se hubiera establecido un nuevo pleito por la misma causa, porque pudiera ser que esa orden no hubiese sido dada propiamente y porque pudieran haberse alegado nuevas defensas. *Franceschi et al.* v. *Trujillo & Mercado,* 26 D.P.R. 495; *Franceschi* v. *Mercado,* 269 Fed. Rep. 954.

No se trata ahora de ese pleito en este recurso ni de las costas de él sino del otro pleito que después establecieron los mismos demandantes contra Mario Mercado e Hijos, actuales dueños de la hacienda "Rufina," fundado en que la Corte de Distrito de Ponce *motu proprio* había declarado caducada la instancia en el procedimiento de quiebra de Antonsanti & Franceschi. Contra esa demanda se presentó una contestación conteniendo seis defensas, siendo la segunda que los demandantes carecen de capacidad legal para demandar. La demanda fué enmendada y contra ella fué presentada una moción para eliminar ciertos extremos de la misma, que fué discutida en corte y declarada sin lugar. Entonces los demandados formularon excepción previa contra la demanda enmendada fundada en varios motivos, siendo uno de ellos que los demandantes no tienen capacidad legal para demandar. Discutida esa excepción por los abogados de las partes

la corte la sostuvo y declaró sin lugar la demanda enmendada imponiendo las costas y honorarios de abogado a los demandantes. Esa sentencia fué confirmada por este Tribunal Supremo y quedó firme. *Franceschi* v. *Mario Mercado e Hijos*, 37 D.P.R. 596.

Para que sean fijadas las costas en el segundo pleito presentaron los demandados un memorándum que contiene dos partidas: una de $5 por derechos del secretario y otra de $35,000 por honorarios de abogado, suscrito por J. A. y A. S. Poventud. Los demandantes se opusieron a la cantidad reclamada por honorarios de abogado por estimarla excesiva pero la Corte de Distrito de Ponce aprobó el memorándum tal como fué presentado. Por consiguiente, la única cuestión a discutir y a resolver en esta apelación es si la cantidad de $35,000 concedida por el concepto dicho es excesiva o no.

Se hace verdaderamente difícil determinar el valor de los honorarios de abogado en un pleito en cantidad fija y precisa por lo que hay que tasarlos razonablemente, teniendo en cuenta las circunstancias de cada caso particular; y así la cuestión que tenemos que decidir es si los honorarios fijados por la corte inferior son o no el valor razonable de los servicios en el presente caso.

El pleito en que se cobran las costas es de una importancia grande por su cuantía, no menor de un millón de dólares, según se alega en la demanda enmendada, por los abogados de reconocido crédito y reputación que han intervenido en el pleito, y, principalmente, por tratarse de una quiebra ocurrida en 1885, de los efectos legales de haber quedado sin tramitación esas diligencias, de la autoridad del depositario entonces nombrado, de la nulidad alegada de un juicio ejecutivo seguido de acuerdo con la Ley de Enjuiciamiento Civil española entonces vigente, de los efectos de una resolución dictada en 1918 por la Corte de Distrito de Ponce ordenando el sobreseimiento y archivo de las diligencias de quiebra y de cierta alegación en que se imputa fraude a los demandados, pues se dice que entre los ejecutantes y el comprador judicial

existió un entendido por virtud del cual dada la muerte de los dueños de la finca y otras circunstancias, se hizo aparecer la finca con cierto valor exiguo cuando valía por lo menos cinco veces más que el precio del remate.

Aunque este pleito terminó por sentencia dictada como consecuencia de haber sido sostenida una excepción previa aducida contra la demanda enmendada, sin embargo, antes había sido presentada contra la demanda original una contestación con varias defensas y fué necesario a los abogados del demandado estudiar la cuestión de la jurisdicción de la Corte de Distrito para sobreseer y archivar los procedimientos de quiebra, las leyes vigentes en aquella fecha remota, las derogaciones de ellas, si existía título para reivindicar en vista de que la "Rufina" perteneció a una sociedad mercantil cuya liquidación no se alegaba, si el depositario tenía entonces la representación de la quiebra en el ejecutivo contra la misma, y muchas otras cuestiones que no vamos a detallar ahora porque fácilmente se comprende que los abogados han debido hacer un estudio detenido y profundo de las cuestiones en este pleito dadas las distintas leyes relacionadas con el asunto, y que aunque este pleito terminó por excepción previa a la demanda enmendada los demandados tenían que estar preparados para tratar todas las cuestiones envueltas en el litigio.

Por consiguiente, estamos conformes en que los honorarios en este caso no son quinientos dólares como dicen los apelantes sino una cantidad mucho mayor, aunque no tanto como $35,000.

Dadas todas las circunstancias de este caso entendemos que $10,000 es un valor razonable como honorarios de abogado *y en tal sentido debe ser modificada la resolución apelada, y así modificada confirmarse la que es objeto de este recurso.*

El Juez Asociado Señor Wolf disintió por entender que deben concederse por lo menos quince mil dólares.*

* NOTA: Véase el prefacio.