JUAN A. MONAGAS, demandante, contrademandado y apelante, v. CENTRAL EUREKA, INC., demandada, contrademandante y apelada.

No. 6158.—*Sometido:* Abril 20, 1933. *Resuelto:* Julio 26, 1934.

*J. Sabater,* abogado del apelante; *O. Souffront,* abogado de la epelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sentencia que puso término a la contienda entre las partes de este pleito condenó al demandante a pagar las costas y honorarios de abogado de la parte contraria. Ésta presentó su memorándum de costas en el que figuró una partida de $3,000 por honorarios de abogado y además otras peque-

ñas partidas por otros conceptos. La partida de $3,000 para abogado fué impugnada por excesiva por el demandante. La corte de distrito la redujo a $2,500 y con esa modificación aprobó el memorándum de costas. Contra esa resolución interpuso el demandante esta apelación alegando también que es excesiva la expresada cantidad de $2,500. Sobre esta cuestión giran los motivos de este recurso.

En la demanda se reclamaron $15,011.98 como indemnización de perjuicios por incumplimiento por la demandada de un contrato de refacción y venta de cañas, más sus intereses legales desde 1923, y también la rectificación de una cuenta entre las partes en la que figuraron, según el demandante, $1,073.94 en exceso de lo realmente debido. Esa demanda contiene dos causas de acción y es extensa pues comprende veintidós páginas de papel escritas por un lado.

Contra esa demanda se interpuso excepción previa por varios motivos y habiendo sido desestimada formuló el demandado su contestación, alegó defensas especiales e interpuso contrademanda reclamando del demandante $2,929.06. Esa alegación se halla en treinta y cuatro páginas y demuestra un estudio laborioso de preparación para ella. El juicio duró tres días, en los cuales fué presentada prueba testifical y mucha documental.

La segunda causa de acción era académica y contra ella cabía una excepción previa según dijimos al resolver la apelación contra la sentencia. *Monagas* v. *Central Eureka, Inc.*, 41 D.P.R. 803. En cuanto a la primera causa de acción la cuestión a resolver era si un contrato celebrado entre las partes fué de venta de cañas o de refacción agrícola, pero fué planteada en tal forma y en tan variados aspectos que fué necesario un estudio muy detenido de este tribunal para resolver la apelación interpuesta en él, como puede verse en la opinión que fué escrita en la apelación a que antes nos hemos referido. Fué en verdad un pleito muy importante por las cuestiones en él envueltas, más que por su cuantía.

Para fijar la corte inferior la cuantía de los honorarios

tuvo ante sí la declaración del abogado de la demandada referente a los servicios que prestó y al estudio que tuvo que hacer de los asuntos envueltos, y también los autos de este caso, los que tenemos ante nosotros en la transcripción que sirvió para resolver la apelación contra la sentencia.

No hay duda de que el apelante está obligado por la sentencia a pagar al apelado los honorarios por su abogado. Esto no se niega por el apelante y la única cuestión en controversia es si la cantidad fijada por la corte de distrito por ese concepto es excesiva y, si lo es, cuánto deberá pagar el apelante.

Como dijimos en el caso de *Sucn. Franceschi* v. *M. Mercado e Hijos,* 41 D.P.R. 389, se hace verdaderamente difícil determinar el valor de los honorarios de abogado en un pleito en cantidad fija y precisa, por lo que hay que tasarlos razonablemente teniendo en cuenta las circunstancias de cada caso en particular.

En vista de las circunstancias concurrentes en este caso, que antes hemos expuesto, y de que la corte inferior tuvo en cuenta para su resolución la declaración del abogado de la demandada, el trabajo que realizó, la prueba practicada en el juicio, la importancia del litigio y la temeridad del demandante, sin que encontremos que cometiera error ni abusara de su poder discrecional, llegamos a la conclusión de que $2,500 es la cantidad razonable que el demandante debe pagar al demandado por los servicios de su abogado.

*La resolución apelada debe ser confirmada.*