Fortis, Peticionaria y Apelante, *v.* Fortis, Opositor y
Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pro-
cedimiento de administración judicial.

No. 1513.—Resuelto en marzo 29, 1917.

Administración Judicial—Declaratoria de Herederos—Prueba del Carácter
de Heredero Admitida sin Objeción.—En la solicitud de este caso se alegó
que la peticionaria era hija legítima de la causante.  Uno de los herederos
impugnó ese hecho.  Los demás lo aceptaron.  Peticionaria y opositor pre-
sentaron sus pruebas sobre el particular sin que se objetara el procedimiento.

La corte, que tenía jurisdicción sobre la materia y sobre las personas, declaró sin lugar la solicitud de administración judicial porque a su juicio la promovente no probó de modo satisfactorio su carácter de hija legítima. *Se resolvió:* que aun cuando en los casos de sucesiones intestadas debe acudirse por regla general a la corte de justicia competente, a los efectos de obtener la declaratoria de herederos por los trámites fijados en la ley, antes de instarse la administración judicial, bajo las circunstancias que concurrían en éste, el procedimiento seguido no adolecía de vicio alguno de nulidad. Y, examinada la prueba, *se resolvió además:* que era bastante para demostrar el carácter de hija legítima alegado por la peticionaria.

NACIMIENTO—REGISTRO CIVIL—PARTIDA DE BAUTISMO—PRUEBA SECUNDARIA.—Nacida una persona cuando aún no se había instaurado en Puerto Rico el registro civil y demostrado que tampoco pudo presentarse la partida de bautismo por haber un incendio destruído el archivo en que existía, la prueba del nacimiento puede ser suplida, conforme el artículo 320 del Código Civil Revisado, por medio de testigos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel A. Rivera.*

Abogados del opositor: *Sres. José y Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión de tribunal.

El presente es un caso sobre administración judicial. Francisca Fortis Estrella presentó una solicitud jurada en la Corte de Distrito de Ponce, alegando, en resumen, que tenía más de sesenta años de edad y era hija legítima de José Fortis y Josefa Ortiz de la Estrella y Torres; que su nacimiento y partida bautismal se inscribieron en la parroquia de Barros que fué destruída por un incendio que redujo a cenizas todo su archivo; que su referida madre falleció en Barros el 3 de noviembre de 1894, en cuyo pueblo tuvo su último domicilio y están radicados todos sus bienes, entre los cuales se encuentra una finca de trescientas cinco cuerdas que se describe y gran número de cabezas de ganado vacuno y caballar; que todos los bienes están en poder de uno de los herederos, José Ventura Fortis, quien se incautó de ellos y se ha negado a distribuirlos; que antes de su matrimonio su referida madre tuvo dos hijos naturales, reconocidos, llamados Petronila y José María Escalera y Estrella, y en su matrimonio procreó seis, nombrados Josefa Antonia, Obdulia,

José Ventura, Manuel, Josefa Petronila y la peticionaria, y que a la fecha del fallecimiento de su referida madre no existía en Barros ningún notario y de las buscas hechas en los pueblos limítrofes y de las investigaciones practicadas por la peticionaria cree ésta que su repetida madre murió sin haber otorgado testamento. La solicitud expresa que algunos de los hijos murieron, designando con toda precisión quiénes son sus sucesores actuales, y termina con la súplica de que se nombre un administrador judicial de acuerdo con la sección 26 de la Ley de Procedimientos Legales Especiales y se tomen las demás medidas que fueren procedentes.

El juez ordenó la citación de los herederos para la junta que la ley prescribe y uno de ellos, José Ventura Fortis, se opuso a la administración solicitada, 1°., por no ser cierto que la peticionaria fuera hija legítima; 2°., por no ser cierto que la Señora Estrella fuera dueña al tiempo de su fallecimiento de los bienes que se indican, cuyos bienes pertenecen al opositor; 3°., por no ser exacto que Antonia Teresa, Obdulia y Petronila sean hijas legítimas de la Señora Estrella, ni Petronila y José M. Escalera hijos naturales de la misma; 4°., por no existir prueba alguna del parentesco de la peticionaria "y demás partícipes" con la Señora Estrella, y 5°., porque la corte había desestimado por improcedente otra petición de administración de la herencia de la Señora Estrella.

Así las cosas comparecieron ante la corte de distrito la peticionaria y todos los demás interesados por medio de un abogado y el opositor por medio de otro y se practicaron pruebas con respecto a los hechos alegados en la solicitud.

Las pruebas de la peticionaria consistieron en: 1, la partida de la defunción de Josefa Ortiz de la Estrella, ocurrida el 3 de noviembre de 1894; 2, la del matrimonio de dicha señora con José Fortis, celebrado el 10 de junio de 1846; 3, 4, 5, 6 y 7, las de defunción de José Manuel Fortis, José Fortis Rivera, María del Carmen Fortis Rivera, Petronila Fortis, y José María Escalera y Estrella; 8, un *affidavit* del cura párroco de Barros creditivo de que "con motivo de un incen-

dio ocurrido el 15 de junio de 1875, fué totalmente destruído el archivo de aquella parroquia y, por tanto, completamente destruídos todos los libros de inscripciones de bautismos, no existiendo asiento alguno referente a bautismos anteriores a dicha fecha, y solamente un libro con algunas notas levantadas mediante investigación hecha por el sacerdote de la parroquia''; 9, nota relativa al bautismo en Barros de Josefa Antonia Fortis, hija legítima de José Fortis y Josefa Ortiz de la Estrella, nacida el 9 de agosto de 1856; 10, partida de bautismo de Petronila María, hija natural de Josefa Ortiz Estrella, nacida en 14 de julio de 1839, con una nota de haber sido reconocida por Tomás Escalera ''hoy 8 de septiembre de 1861''; 11, nota relativa al bautismo en Barros de Juan José María Ortiz, hijo natural de Josefa Ortiz de la Estrella, nacido el 15 de junio de 1841; 12, partida de bautismo de José Manuel Fortis, hijo natural de José Fortis y Josefa Ortiz de la Estrella, nacido el 15 de abril de 1844; 13, partida de bautismo de José Ventura Fortis (el opositor), hijo natural de José Fortis y Josefa Estrella, nacido el 29 de septiembre de 1845; 14, nota referente al bautismo en Barros de Josefa Petronila Fortis, hija legítima de José Fortis y Josefa Ortiz de la Estrella, nacida el 29 de enero de 1855; 15, copia de una escritura otorgada en 1888 por los herederos y legatarios de Don J. S. Arroyo en la cual existe cierta constancia relativa a una finca de 305 cuerdas vendida por Arroyo a la Señora Estrella; 16, certificación del secretario del municipio de Barros relativa al hecho de figurar la Señora Estrella como contribuyente por doscientas cuerdas de terreno desde 1862 hasta 1899, figurando a partir de 1899 como contribuyente por el mismo terreno José Ventura Fortis; 17, varios recibos de contribución; 18, declaración de Petronila Escalera, quien, entre otras cosas, dijo: ''que conoce a Francisca Fortis Estrella (la promovente) y es su hermana, la que es hija legítima de Don José Fortis y de su madre Josefa Ortiz Estrella; que la declarante es hija natural reconocida.'' * * * ''Que cuando nació Francisca, ella era pequeña, tenía como siete

años, no puede recordar la fecha en que nació, pero sabe que es su hermana; la declarante en esa fecha vivía con su padre; que en esa época el marido de su madre estaba en la isla y ella lo veía, lo que sí parece que estuvo que estar de incógnito porque lo querían meter en là cércel''; 19, declaración de Josefa Antonia Fortis, quien, entre otros particulares, depuso: ''que tiene 56 años de edad y es hija legítima de José Fortis y de Josefa Ortiz de la Estrella y Torres. Que conoce a Francisca Fortis Estrella (la promovente) porque es su hermana. Que su madre tuvo diez hijos: los primeros Petronila y José María Escalera, después José Manuel, José Ventura, José Isaías, que murió, Francisca, Petronila y la declarante, gemelas, Pepe que murió de diez años y la última Obdulia''; 20, declaración de Domingo Fortis, hijo de José Manuel y nieto de la Señora Estrella quien dice que es sobrino de Francisca Fortis, la promovente, y 21, declaración de Nemesio Meléndez, viudo de María Fortis, hija de José Manuel, quien depuso con respecto a los bienes de la herencia de la Señora Estrella. La relación de la prueba de la promovente termina con la siguiente constancia: ''El opositor José Ventura Fortis fué citado oficialmente por la peticionaria para que compareciera a declarar y no lo hizo.''

La prueba del opositor consistió en el récord del pleito sobre desahucio seguido por Carmen, Isabel, Josefa y Pedro Arroyo contra José Ventura Fortis. Los demandantes trataron de lanzar fuera de una finca de 305 cuerdas, 200 de las cuales estaban situadas en el barrio de Botijas de Barros, al demandado. Este contestó ''que por sí y sus causantes hace más de 40 años que viene poseyendo y disfrutando la referida finca, como único y legítimo dueño, sin que jamás haya sido perturbado ni interrumpida la posesión.'' Y la corte, el 3 de octubre de 1907, declaró sin lugar la demanda con las costas a los demandantes. En dicho pleito se introdujeron como pruebas la partida de defunción de José Sabino Arroyo, copia del testamento del mismo, la partida de defunción de Josefa Ortiz Estrella, un expediente posesorio iustado por Pe-

tronila Fortis Estrella, hermana del demandado, y copia de la escritura de protocolización de la partición de la herencia de José Sabino Arroyo. El opositor presentó además varios recibos de contribución expedidos a su nombre a contar desde el año de 1901, y un expediente del cual resulta que en 15 de agosto de 1895 el procurador Gauthier, a nombre de Petronila Fortis, pidió la declaratoria de herederos de la Señora Estrella a favor de sus hijos Petronila María Escalera, Juan José María, José Manuel, José Ventura y Josefa Petronila. El juez decidió que observándose el cambio de nombre en una heredera, su partida debía corregirse por separado. El procurador alegó que la partida de Juana Fortis había sido destruída por un incendio que destruyó el archivo parroquial de Barranquitas. Y el Fiscal, en 27 de agosto de 1896, informó que se trataba de una declaratoria de herederos y eran deficientes y contradictorias las certificaciones presentadas ''e inútiles las de los folios 10, 12 y 14, dándose además la circunstancia de que según se hace constar en la del folio 3 la Señora Josefa Fortis Estrella siendo casada con Don José Fortis, cuyo domicilio se ignora, tuvo con él durante su presencia en esta isla tres hijos y después de su ausencia cuatro lo que hace necesario que se aclare la duda que sobreviene de si estos últimos no siendo ni legítimos ni naturales, no tendrán derechos hereditarios abintestato y sí sólo los que concedían los artículos 139 y 140 del Código Civil. Todo ello precisa que se determine previamente de modo concreto y terminante *ad-perpetuam* resuelto lo cual, podría luego instarse la declaratoria de herederos que se pretende.'' Nada más contiene el expediente.

Tales fueron, en resumen, las alegaciones y las pruebas en este caso, y, con ellos como base, la Corte de Distrito de Ponce, el 1 de marzo de 1916, declaró sin lugar en todas sus partes la solicitud de administración judicial, porque a su juicio no se probó satisfactoriamente que la promovente fuera hija legítima de José Fortis y Josefa Ortiz Estrella. La

promovente entonces interpuso el presente recurso de apelación.

Alega la apelante que la corte sentenciadora interpretó indebidamente el artículo 23 de la Ley de Procedimientos Legales Especiales, abusó de su discreción al armonizar la prueba y erró al no estimar satisfactoriamente probado que la promovente era hija legítima de la Señora Estrella. Y sostiene el apelado que no habiendo la promovente demostrado que fuera declarada heredera de la Señora Estrella, no podía aún solicitar la administración judicial de su herencia, de acuerdo con la jurisprudencia sentada por esta Corte Suprema en el caso de *Sabater* v. *Escudero,* y que si se entra en el examen de las pruebas, es lo cierto que la promovente no demostró su alegada condición de hija legítima.

En el caso de *Sabater* v. *Escudero,* invocado por la parte apelada, este tribunal se expresó así:

"La petición. de Carlos Sabater no se ajusta al precepto del artículo 23 de la Ley de Procedimientos Legales Especiales que dejamos transcrito, pues no es una petición según exige dicho artículo debidamente justificada en que se demuestren los hechos necesarios para obtener el fin pretendido. No se justifica el fallecimiento de Juanita. Sabater ni que el peticionario y los siete hermanos que enumera y el viudo José Escudero sean legítimos herederos de la misma.

"La declaratoria de herederos en caso de sucesión. intestada debe obtenerse en la corte de distrito competente con sujeción a las formalidades que previene el Capítulo III del Título I de dicha ley. Cuando se acude a la Ley de Procedimientos Legales Especiales para instar la administración judicial, debe irse con un derecho claro respecto a la personalidad del peticionario, porque esos procedimientos no tienen por objeto la declaración de derechos, sino únicamente en vista de un derecho claro y reconocido, el obtener la administración judicial de los bienes de la persona que tiene derecho a heredar. *Puente* v. *Puente,* 16 D. P. R. 582, y *Rivera* v. *Cámara,* 17 D. P. R.. 528." *Sabater* v. *Escudero,* 23 D. P. R. 854, 858.

Como puede verse, se deduce de la opinión de esta corte su criterio de que en los casos de sucesiones intestadas debe acudirse a la corte de justicia competente a los efectos de

obtener la declaratoria de herederos por los trámites fijados en la ley. Ese es el procedimiento lógico. Siguiéndolo se cumple estrictamente con la ley y se evitan dificultades en el futuro. Pero esto no quiere decir que instada una administración judicial sin haberse obtenido previamente la declaratoria de herederos, aquél procedimiento adolezca de vicio de nulidad, por incumplimiento de dicho requisito, cuando concurren las circunstancias del presente caso, las que no concurrieron en el ya citado de *Sabater* v. *Escudero,* como tampoco en los de *Puente* v. *Puente* y *Rivera* v. *Cámara.* En la solicitud se alegó que la peticionaria era hija legítima de la Señora Estrella. Uno de los herederos impugnó ese hecho. Los demás lo aceptaron. Se permitió a la peticionaria presentar su prueba y al opositor la suya, sin que nadie objetara al procedimiento seguido. Bajo tales circunstancias, sería injusto en verdad devolver este caso a la corte de distrito para, variando simplemente el título, de hecho volver a repetir lo mismo que ya se llevó a efecto en la corte y que fué por ella considerado y resuelto con jurisdicción no discutida sobre la materia y sobre las personas. Como precedentes para la actitud que asumimos, citaremos los casos de *Morales et al.* v. *Landrau et al.,* 15 D. P. R. 782, 796, y *Soriano et al.* v. *Rexach et al,* 23 D. P. R. 573, 583.

Examinemos la prueba. Sostiene la parte apelada que siendo el nacimiento de una persona uno de los actos que deben hacerse constar en el registro civil, para probarlo la peticionaria debió haber presentado la necesaria certificación expedida por el encargado de dicho registro.

En efecto el artículo 320 del Código Civil Revisado expresa que las actas del registro serán la prueba del estado civil, pero también expresa que esa prueba podrá ser suplida por otras en el caso de que no hayan existido aquéllas, o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscite una contienda. Y en el presente caso concurre la primera de las excepciones, ya que surge con toda claridad de la solicitud jurada y de la prueba practicada que

la peticionaria nació cuando aún no se había instaurado en Puerto Rico el registro civil.

La partida de bautismo no pudo presentarse por haber un incendio destruído el archivo en que se alega que existía y hubo necesidad de recurrir entonces a la prueba testifical. Tal vez pudo ser ésta más clara, más precisa, pero tal como es nos parece suficiente.

Sólo el hermano a quien se imputa el hecho de haberse quedado con todos los bienes de la herencia, niega que la peticionaria sea hija legítima de la Señora Estrella. Y ese hermano llamado a declarar ante la corte a instancias de la peticionaria, no concurre. Todos los demás herederos aceptan la condición de la peticionaria y ya hemos visto cómo dos de sus hermanas, una natural y otra legítima, expresamente declararon que la peticionaria es hija legítima de José Fortis y de su esposa Josefa Estrella.

La prueba del demandado nada demuestra en concreto. Se limita a presentar ciertos hechos demostrativos de que existió algo anormal en el matrimonio Fortis-Estrella y que de antiguo han habido dificultades para el arreglo de la herencia de la Señora Estrella. Esta tuvo antes de su matrimonio dos hijos naturales. Luego se unió, primero ilegítimamente y legítimamente después, a José Fortis y procreó con él, en la unión ilegítima, dos hijos, uno de los cuales es el opositor, que quedó legitimado por el subsiguiente matrimonio de sus padres, y en la legítima, varios hijos más entre los cuales se encuentra la peticionaria.

El fiscal en el informe emitido en el expediente sobre declaratoria de herederos presentado como prueba por el opositor, insinúa el hecho de que Fortis estuvo ausente y el de que durante esa ausencia su mujer tuvo varios hijos. Esa insinuación no basta. Además, la situación anormal quedó explicada por Petronila Escalera quien en su declaración dijo que si bien Fortis se ocultaba porque lo querían meter en la cárcel, es lo cierto que estuvo siempre cerca de su esposa y que en la fecha del nacimiento de la promovente vivía con ella.

Por virtud de todo lo expuesto, opinamos que debe revocarse la sentencia recurrida y devolverse el caso a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocada la sentencia apelada y devuelto el caso a la corte de su origen para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, y Hutchison.

El Juez Asociado Sr. Aldrey disintió.