ANTONIO L. LÓPEZ, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 756.—*Sometido:* Marzo 25, 1929. *Resuelto:* Abril 24, 1929.

*El recurrente,* abogado, compareció por su propio derecho; *El Registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el Registro de la Propiedad de Caguas fué presentada copia notarial de una escritura pública otorgada por el Márshal de la Corte de Distrito de Humacao y por Rufo Reyes como mandatario verbal de Antonio L. López por la cual el primero vende al señor López representado por Reyes una finca urbana; apareciendo de ese documento que en pleito establecido por Isabel Polanco Santiago contra la Sucesión de José Garrido Farizo, compuesta por su viuda María Puig y por sus herederos desconocidos demandados bajo el nombre de John Doe y Richard Roe, se siguieron los trámites regulares y después de haber sido debidamente emplazados los demandados la corte dictó sentencia a favor de la demandante; y que siendo firme la sentencia el márshal

vendió para su cumplimiento la finca antes mencionada en pública subasta.

El registrador se negó a inscribir esa venta a favor del comprador López por los motivos siguientes:

"Denegada la inscripción de este documento, y tomada en su lugar anotación preventiva por el término legal de 120 días a favor de Antonio L. López al Folio 230 del Tomo 137 de Caguas; Finca número 3342, anotación letra 'C,' por observarse que del documento no consta si la sentencia fué dictada en rebeldía o no, ni consta cómo ni en qué forma fueron emplazados los demandados, ni qué personas fueron las emplazadas, ni cómo ni cuándo fueron notificados los demandados de la sentencia, máxime cuando dichos demandados son entre otros los herederos desconocidos de José Garrido, figurados en la demanda con los nombres de John Doe y Richard Roe, para poder determinar si la corte actuó con jurisdicción sobre las personas demandadas; que no consta en qué fecha ni en qué periódico fueron publicados los edictos anunciando la subasta; y que la finca objeto de anotación, que es la descrita en primer término, no se halla inscrita sino en cuanto a una mitad a favor de María Puig o sea la viuda de Garrido y anotada preventivamente la otra mitad a favor de Antonio Garrido y Vicente Farizo y de la misma María Puig en cuanto a la cuota usufructuaria, y aunque de un escrito que se acompaña de fecha diez y seis de enero de 1929 suscrito en Caguas por J. B. Delfaus, se solicita se tenga como parte de los documentos presentados, los documentos presentados con otras escrituras similares por Don Jacinto Polanco Santiago, aunque el Registrador no está obligado a buscar antecedentes en los récords de otras fincas, los referidos documentos son una certificación expedida en cinco de septiembre de 1928 por A. Ramírez, Jr., Secretario de la Corte de Distrito de Humacao, creditiva de que en el pleito civil número 11602 seguido en la Corte de Distrito de Humacao por Isabel Polanco Santiago contra José Garrido Farizo, hoy su Sucesión compuesta de su viuda María Puig y John Doe y Richard Roe, herederos desconocidos, comparecieron voluntariamente a la vista del caso María Puig como viuda de José Garrido y Antonio Garrido y Vicenta Farizo como herederos de José Garrido y otra certificación expedida en 31 de agosto de 1928 por el mismo funcionario creditiva de que en el expediente sobre declaratoria de herederos de José Garrido, por orden de la misma fecha 31 de agosto de 1928 fueron declarados únicos y universales herederos de José Garrido a sus legítimos padres Antonio Garrido y Vicenta Farizo y la viuda María Puig en la cuota usufructuaria en-

tendemos que al celebrarse la vista del pleito que culminó en la venta de la finca referida, la corte no pudo tener como únicos y universales herederos de José Garrido, a las personas que voluntariamente comparecieron como herederos de José Garrido, pues no habiendo ni testamento ni declaración judicial de herederos, la sucesión desconocida ha debido ser notificada por edictos tanto del emplazamiento como de la notificación de la sentencia y que una declaratoria de herederos a posteriori no corrige el defecto de no haberse cumplido en el procedimiento las prescripciones legales; dicha anotación se practicó con el *Defecto Subsanable* de no haber sido aceptado el contrato en forma legal; por no haberse acreditado el carácter de mandatario verbal que ostenta Don Rufo Reyes al representar al señor López, comprador, en el acto del otorgamiento de dicho documento."

Contra esa negativa de inscripción ha interpuesto el comprador López el presente recurso gubernativo, y aunque sólo se nos ha presentado la expresada escritura, sin embargo, consideraremos también los documentos a que hace referencia el registrador en su nota porque los ha tomado en cuenta para su calificación.

Como son varias las razones dadas por el registrador para negarse a inscribir la escritura que motiva este recurso, las clasificaremos por números para nuestro estudio y decisión.

Primero: Se niega por observarse que del documento no consta si la sentencia fué dictada en rebeldía o no, ni cómo ni en qué forma fueron emplazados los demandados, ni qué personas fueron las demandadas.

De los otros documentos a que hace referencia el registrador aparece que seguido el pleito que originó la subasta y venta que se trata de inscribir por Isabel Polanco contra la Sucesión de José Garrido y Farizo compuesta por su viuda María Puig y por sus herederos desconocidos demandados bajo los nombres de John Doe y Richard Roe comparecieron en el juicio voluntariamente María Puig como viuda de José Garrido Farizo y Antonio Garrido y Vicenta Farizo como herederos de aquél, así como que Antonio Garrido y Vicenta Farizo, como padres de José Garrido Farizo han

sido declarados judicialmente sus únicos y universales herederos y la viuda María Puig por su cuota usufructuaria.

En vista de tales documentos esas tres personas son las únicas que tienen interés en la herencia de José Garrido y Farizo y como comparecieron en el pleito voluntariamente en el día del juicio del mismo la corte adquirió jurisdicción sobre ellos y la sentencia no fué dictada en su rebeldía, resultando por consiguiente que no era necesario acreditar en el registro quiénes fueron emplazados en el pleito ni la forma en que lo fueron, porque aunque no existiese declaración judicial de herederos cuando el juicio fué celebrado, la corte pudo tener a esas personas como tales herederos para ese pleito según hemos declarado en el caso de *Morales* v. *Landrau,* 15 D.P.R. 782, y en los posteriores de *Soriano* v. *Rexach,* 23 D.P.R. 582, y *Fortis* v. *Fortis,* 25 D.P.R. 76.

■ Segundo: Se funda también el registrador en que no consta cuándo fueron notificados los demandados de la sentencia, pero esto no es necesario que se acreditase porque se trata de una sentencia en ejecución.

■ Tercero: Por no constar en qué fecha ni en qué periódicos fueron publicados los edictos anunciando la subasta es otra de las razones expuestas para negar la inscripción, pero ya hemos resuelto en el recurso de *Manrique* v. *Registrador de Guayama,* 33 D.P.R. 545 y 1019, que los defectos que puedan tener tales edictos no son constitutivos de defecto insubsanable ni subsanable, por lo que no puede impedir la inscripción en el caso presente el que no conste la fecha de la publicación de los edictos anunciando la subasta ni el periódico en que fueron publicados.

■ Cuarto: Es el último defecto insubsanable consignado por el registrador que la finca no se halla inscrita sino en cuanto a una mitad a favor de María Puig y anotada preventivamente la otra mitad a favor de Antonio Garrido y Vicenta Farizo y de la misma María Puig en cuanto a la cuota usufructuaria; y alega el recurrente que su título es inscribible en cuanto a la mitad que tiene inscrita María

Puig. Así es en efecto, pues estando inscrita una mitad de la finca a favor de María Puig no existe obstáculo en el registro para que la compra hecha por el recurrente sea inscrita en cuanto a esa mitad.

Como defecto subsanable consignó el registrador el "no haber sido aceptado el contrato en forma legal, por no haberse acreditado el carácter de mandatario verbal que ostenta don Rufo Reyes al representar al señor López, comprador, en el acto del otorgamiento de dicho documento."

Ha sido resuelto en varias ocasiones por este tribunal que constituye defecto subsanable la falta de presentación del poder de un compareciente para aceptar la escritura a nombre de un comprador. *Tobacco Co.* v. *El Registrador,* 13 D.P.R. 195; *Gutiérrez* v. *El Registrador,* 14 D.P.R. 617; *Maestre* v. *El Registrador,* 14 D.P.R. 683; *Purcell* v. *El Registrador,* 14 D.P.R. 752; y *Colón* v. *El Registrador,* 18 D.P.R. 125.

Por consiguiente *debe ordenarse la inscripción del título del recurrente* en cuanto a la mitad de la finca que está inscrita a favor de María Puig, en cuyo extremo debe ser revocada la nota recurrida.

El Juez Presidente Sr. del Toro no intervino.