GASPAR FONT MAURI, demandante y apelante, *v.* IGNACIO ROSALES CUELI, demandado y apelado.

No. 4926.—*Sometido:* Diciembre 17, 1930. *Resuelto:* Julio 9, 1931.

*Luis Llorens Torres* y *Rincón & Arroyo,* abogados del apelante; *F. Soto Gras,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una excepción previa a una demanda fué declarada con lugar, y el demandante Gaspar Font Mauri sostuvo su demanda y posteriormente apeló. El fundamento particular de la excepción fué la insuficiencia de los hechos alegados para constituir causa de acción.

En otra acción llamada personal, sobre cobro de créditos hipotecarios, Rosales Cueli, el actual apelado, alegó la existencia de varias hipotecas y su vencimiento, solicitando sentencia por las cantidades insolutas garantizadas por las hipotecas. El entonces demandado, Gaspar Font Mauri, no contestó la demanda. El 21 de septiembre de 1923, Rosales Cueli solicitó del Secretario de la Corte de Distrito de San Juan que registrase sentencia a su favor. En tal virtud, el 26 de septiembre de 1923 se registró sentencia en rebeldía por todas las cantidades reclamadas en la demanda.

El márshal procedió a ejecutar la sentencia. La finca hipotecada originalmente fué vendida por el márshal, y Rosales la adquirió en la venta en pública subasta. Posteriormente se interpuso pleito de desahucio, y Font fué desalojado de la finca. Se alegaron varios motivos de nulidad e irregularidades.

La presente demanda fué radicada el 22 de agosto de 1928,

y se intitula como una acción reivindicatoria con resarcimiento de daños y perjuicios.

■■ Lo que mayor atención ha reclamado de nuestra parte es la manifestación en la presente demanda de que la venta se efectuó sin previo embargo. El apelado trata de contestar esto diciendo que cuando se trata de hipotecas no es menester un embargo previo, o algo a ese efecto. La teoría es que la acción incoada por Rosales Cueli en 1923 participaba de la naturaleza de una acción hipotecaria. No importa cómo el demandante en el pleito anterior conciba ahora su acción, sólo era un pleito en cobro de dinero. La referencia a hipotecas existentes era una simple descripción del origen de las deudas con Rosales Cueli. Si se hubiese tratado de una acción hipotecaria, el Secretario de la Corte de Distrito de San Juan no habría tenido derecho a hacer más que anotar la rebeldía. Hubiera sido necesaria la intervención del juez.

El artículo 194 del Código de Enjuiciamiento Civil dispone:

"Podrá dictarse sentencia, si el demandado dejare de contestar a la demanda, en los casos siguientes:

"1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el atículo 96.

"2. En otros pleitos, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación o de su prórroga si se hubiere concedido, deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar en la primera o cualquiera de las subsiguientes sesiones de la corte, que se le conceda lo pedido en la demanda. Si la rendición de una cuenta o la prueba de algún hecho fuere necesario para fundamentar el fallo de la corte, podrá admitir la cuenta, u oír la prueba, o a su discreción, disponer el informe previo de

peritos, y si para determinar la cuantía de perjuicios fuere necesario el examen de una cuenta extensa, podrá disponer también un dictamen pericial, según lo anteriormente dispuesto.''

Bajo la teoría de qué estaba envuelta una hipoteca, parte del remedio era la venta de la propiedad gravada. Si la sentencia hubiera ordenado tal venta, entonces no era necesario ningún paso previo o preliminar por parte del márshal, y la teoría del apelado sería correcta. No obstante el viso que se le hubiera dado a la demanda de Cueli al ser originalmente radicada, él optó por considerarla como un mero pleito en cobro de dinero. De lo contrario, el secretario no hubiera estado facultado para registrar sentencia. Debe prestarse apoyo para dar validez a los actos de funcionarios realizados según permite la ley, y, por tanto, la acción entablada por Cueli era o llegó a ser una en cobro de dinero. Un razonamiento similar puede en parte hallarse en *Rosales* ·v. *Corte de Distrito*, 33 D.P.R. 316.

¿Era necesario un previo embargo? Cuando una sentencia en cobro de dinero se pone en manos de un márshal, él debe proceder de conformidad con el artículo 250 del Código de Enjuiciamiento Civil. Éste provee en inglés lo siguiente:

''The marshal must execute the writ against the property of the judgment debtor,. by levying on a sufficient amount of prop-- erty, if there be sufficient, collecting or selling the things in action, and selling the other property, and paying to the plaintiff or his attorney so much of the proceeds as will satisfy the judgment.''

La palabra ''levy'' ha sido traducida al castellano como ''embargo,'' para la cual el equivalente inglés más aproximado es ''attachment.'' En los casos de bienes raíces, es más propiamente un acto o secuestro simbólico por el márshal de determinados bienes que llegan a ser vendibles bajo sentencia de la corte. Es un secuestro real o implícito; un acto por el que se manifiesta la intención de vender. 36 C. J. 1032 (notas 47 y 52). La palabra ''incautación'' es el equivalente castellano más cercano.

Si bien creemos que el apelado está errado en su teoría, sin embargo, la demanda en este caso no excluye la posibilidad de que el márshal se haya "incautado" de la propiedad. El argumento del apelado milita en contra de la posibilidad de la incautación (*levy*), pero tenemos que regirnos por las alegaciones de la demanda. No era necesario un embargo. Una incautación (*levy*) bastaba, y no podemos afirmar que el márshal no diera algún paso constitutivo de una incautación (*levy*) o su equivalente. La incautación (*levy*) de bienes raíces es algo tan simbólico que puede decirse que se ha fundido en los procedimientos que culminaron en la venta, o que puede haber sido renunciada en alguna otra forma.

█ La demanda de Font alegó que en la anterior sentencia por rebeldía se incluyeron costas que no fueron tasadas por la corte. Las costas se fijaron en la demanda en $400, y no era ésa una suma líquida. Sin embargo, convenimos con el apelado en que todo lo que Font podría obtener ahora sería el cobro de lo indebido. La sentencia total de $7,500 no debe ser anulada ahora porque fuese excesiva la cantidad reclamada. La sentencia era no más que anulable en parte, y el demandado Font no interpuso defensa alguna.

No vemos que el derecho de Font a una reconvención, contrademanda, o lo que sea, por la suma de $1,282.08 en la presente acción reivindicatoria, merezca discusión.

█ Hallamos que los edictos librados por el márshal cubrieron suficientemente el necesario período de veinte días, según resolvimos en *Thyboe* v. *San Juan Fruit Co.*, 36 D. P.R. 892.

La mayor parte de las demás objeciones están suficientemente contestadas en el alegato del apelado. Las hemos considerado, y no creemos que precisan una discusión ulterior.

Consideraremos otra objeción, la de fraude y daños y perjuicios. Éstos sólo surgirían si primeramente se declarase nulo el otro procedimiento. No hubo fraude en la faz de los procedimientos, y a menos que el demandante pueda recu-

perar su título u obtener su equivalente, no puede tratar cuestiones de fraude afirmativas o independientes en una acción reivindicatoria. El que se declare nula una sentencia por haber mediado fraude, es una causa de acción distinta.

La corte inferior resolvió que no había indebida acumulación de causas de acción, evidentemente porque los daños y perjuicios, tal como fueron alegados, sólo podían considerarse como secuela de la acción principal.

*Debe confirmarse la sentencia apelada.*