SEVERO MARTÍNEZ, recurrente, *v.* EL REGISTRADOR SUSTITUTO DE LA PROPIEDAD DE ARECIBO, recurrido

No. 877.—*Sometido:* Diciembre 13, 1932. *Resuelto:* Marzo 10, 1933.

L. *Mercader,* abogado del recurrente; El Registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Juan Rodríguez era dueño de una finca de siete cuerdas ubicada en Hatillo. Otorgó hipoteca sobre esta finca a favor de Severo Martínez. Al vencimiento de esta obligación, Martínez inició un procedimiento contra Rodríguez en la Corte Municipal de Arecibo y obtuvo sentencia contra este último. Al obtener sentencia, conforme admite el recurrente, el Márshal de la Corte Municipal de Camuy, por estar la finca situada en Hatillo, vendió la misma sin que se anotara previamente un embargo en el Registro de la Propiedad. Cuando la escritura de venta judicial fué presentada al registrador de la propiedad, éste se negó a inscribirla debido a que la finca no había sido embargada previamente. El registrador se fundó en el caso de *Rodríguez Soler* v. *Alonso,* 37 D.P.R. 355, 356.

El recurrente sostiene que se trata de una acción que envuelve una hipoteca y, por consiguiente, que un embargo (*attachment*) previo no era necesario. La respuesta a esto, según demuestra el registrador, es que el pleito iniciado por Martínez contra Rodríguez era uno en cobro de dinero y no una acción real, en otras palabras, que se trataba de una acción personal. *Rosales* v. *Corte de Distrito,* 33 D.P.R. 316. En su consecuencia, es claro que el acreedor al vender la finca no se fundaba en su gravamen hipotecario sino en el gravamen adquirido o que pudo adquirirse con motivo de la sentencia. Si el registrador estaba en lo cierto al sostener que un embargo previo era necesario en casos de esta naturaleza, entonces su actuación al negarse a inscribir la venta, debería confirmarse definitivamente.

Se admite que no se practicó embargo alguno en el registro de la propiedad. Empero, hemos resuelto en el caso de *Font v. Rosales Cueli,* 42 D.P.R. 627, 630, que en acciones personales en cobro de dinero, en que se obtiene sentencia, al ejecutarse la misma, es innecesario trabar un embargo que exija su anotación en el registro. Desde luego, tal ejecución no es obligatoria contra tercero hasta que sea inscrita, mas no estamos considerando los derechos de terceros. En el aludido caso de Rosales Cueli hicimos constar claramente que lo que el artículo 250 del Código de Enjuiciamiento Civil disponía era que en ejecución de sentencias una incautación previa *(levy)* era necesaria. Tal incautación puede ser en gran parte simbólica, mas exige que el márshal vaya a la finca y que quizá entre en ella o que en alguna otra forma demuestre que se ha hecho cargo de la misma. En dicho caso dijimos que el equivalente más próximo de la palabra *"levy"* era en castellano "incautación". Tal vez el caso de Rodríguez Soler v. Alonso, supra, puede ser distinguido, pero de todos modos el caso posterior de Rosales Cueli resuelve claramente que un embargo previo anotado en el Registro, no es necesario sino que basta un *"levy".* En el caso de Rodríguez esta corte aparentemente estaba bajo la impresión de que la palabra "incautación" equivalía a "embargo", y en realidad de verdad, según lo demuestra el caso de Rosales Cueli, la palabra *"levy"* ha sido traducida como "embargo."

Examinando la escritura en este caso, hallamos que ésta habla de la venta de una finca como "hipotecada y embargada."

Parecería que la palabra "embargo" en español ha sido usada en las cortes locales para significar *"attachment"* o *"levy".* La escritura demuestra que la finca en realidad de verdad estuvo sujeta a un embargo; en otras palabras, *"levied upon",* según se entienden estas palabras en el idioma inglés.

*Debe revocarse la nota del Registrador y hacerse la inscripción.*