SALVADOR MENÉNDEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 889.—*Sometido:* Abril 21, 1933. *Resuelto:* Mayo 12, 1933.

80

*González Fagundo & González Jr.,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Una venta judicial de una finca hecha por el márshal de la Corte de Distrito de Humacao fué inscrita en el Registro de la Propiedad de Caguas con el defecto subsanable de que el embargo que dice el márshal trabó sobre la finca no ha sido anotado en el registro. La parte interesada en la inscripción interpone este recurso porque entiende que no era necesaria la anotación del embargo en el registro, por lo que no existe el defecto subsanable mencionado.

En el pleito ordinario que estableció en dicha corte para ejecución de hipoteca se dictó sentencia a favor del demandante por determinada cantidad de dinero y para su cumplimiento se libró mandamiento al márshal de la corte para que la hiciera efectiva en bienes personales del deudor y si no los tuviese, entonces, en la propiedad real que tuviere en el distrito. En cumplimiento de esa orden el márshal embargó y luego vendió la finca objeto de este recurso. Ese embargo no fué anotado en el registro de la propiedad.

Sostiene el registrador que su asignación del defecto subsanable está sostenida por la ley relativa a las sentencias y manera de satisfacerlas de 9 de marzo de 1905, pág. 185 de las de ese año, porque la sección primera de ella dispone que en las sentencias que se dicten en juicios sobre ejecución de hipotecas se ordenará que el demandante recupere su crédito,

daños y costas mediante la venta de la finca sujeta al gravamen, para lo que se expedirá mandamiento al márshal para que proceda a embargarla y venderla para satisfacer la sentencia, y que si no encontrare la finca hipotecada o si el resultado de su venta fuese insuficiente, procederá a recuperar el dinero sobre cualquiera otra propiedad del demandado: y que la sección quinta de esa ley dispone que para trabar un embargo sobre propiedad inmueble no será necesario que el funcionario encargado de llevarlo a cabo se constituya en la finca, siendo bastante que en el auto disponiendo la ejecución se haga constar por endoso el embargo, describiendo la finca y remitiendo una copia de dicho auto, con el endoso, al registrador de la propiedad del distrito para la correspondiente inscripción.

No tenemos necesidad de detenernos a fijar el alcance y aplicación de esos preceptos porque no tienen relación con este caso, pues aunque el título del pleito dice que es en ejecución de hipoteca, la sentencia no ordena que el demandante recupere su dinero mediante la venta de la finca hipotecada y se limita a condenar al pago al demandante de las cantidades que reclama, habiéndose ordenado que su cumplimiento se hiciera en bienes de la propidad personal del deudor y si no fuere bastante, en su propiedad real, por lo que el precepto legal aplicable es el artículo 250 del Código de Enjuiciamiento Civil preceptivo de que el márshal ejecutarará la sentencia en propiedad del deudor embargando (*levying on,* dice el texto inglés) bienes suficientes y vendiéndolos para pagar al demandante la cantidad determinada en la sentencia.

No era necesario que el embargo que practicó el márshal fuera anotado en el registro de la propiedad y que por no hacerlo exista un defecto subsanable en la venta. Esta cuestión fué resuelta en contra de la teoría del registrador en el caso de *Font* v. *Rosales Cueli,* 42 D.P.R. 627, y más recientemente en el de *Severo Martínez,* v. *Registrador,* 44 D.P.R. 638, que es casi igual al presente, pues también el em-

bargo que verificó el márshal no fué anotado en el registro de la propiedad.

*La nota recurrida debe ser revocada.*