RENÉ A. GONZÁLEZ, INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

*Número:* O-69-245     *Resuelto:* 24 de febrero de 1970

---

*R. Rodríguez Lebrón,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En ejecución de una sentencia dictada por la Sala de Caguas del Tribunal Superior en 24 de junio de 1966 a favor de la corporación René A. González, Inc., y contra Martín Colón Rivera en pleito de cobro de dinero, se vendió en pública subasta por el Alguacil la finca objeto de este recurso gubernativo. La subasta se celebró el 27 de marzo de 1968 y de ella aparece que el único postor fue el Sr. René A. González, quien se adjudicó la buena pro por $300 que pidió se abonaran a la sentencia, sin que mediara pago en dinero. El mismo día de la subasta se otorgó la escritura de venta judicial Núm. 2 de 27 de marzo de 1968 ante el

Notario Manuel Cruz Horta, en que el alguacil traspasó a Don René A. González título de dominio de la finca ejecutada, por precio de $300 que fueron abonados al monto de la sentencia.

En 6 de noviembre de 1968 el juez de la Sala de Caguas, a petición de la corporación demandante y del propio postor René A. Gónzález, procedió a corregir mediante orden dictada el acta de subasta de modo que la misma hiciera constar que la oferta hecha por el Sr. René A. González lo fue para la corporación demandante, y que la adjudicación de la finca se hizo a la demandante René A. González, Inc., representada en el acto de la subasta por su Presidente Sr. René A. González; así como que dicha oferta y la adjudicación no fueron hechas en capacidad personal de éste.

Dispuso la Sala que se uniera a los autos un acta de subasta enmendada y que el alguacil otorgara la correspondiente acta notarial aclaratoria de la escritura original de venta judicial, dejándola corregida y aclarada en los extremos expresados. Del acta de la subasta era claro que González no había concurrido como postor particular ya que no hizo efectiva su oferta en dinero, como correspondía, sino que pidió se abonara a la sentencia de la corporación de la cual él era su Presidente.

Conforme a la anterior orden, en 6 de noviembre de 1968 se otorgó ante el Notario Manuel Cruz Horta acta aclaratoria de venta judicial en la que comparecieron el alguacil y Don René A. González, ahora "como Presidente y en representación de la corporación doméstica René A. González, Inc., con domicilio en San Juan, Puerto Rico, siendo mayor de edad, casado, y vecino de Santurce, Puerto Rico." Según el acta aclaratoria el título de la finca quedó traspasado a la referida Corporación, en virtud de los procedimientos de ejecución.

Presentadas al Registro de la Propiedad las escrituras Núm. 2 original de venta judicial y Núm. 12 aclaratoria ya

referidas, el Registrador denegó la inscripción con la siguiente nota:

"Denegado con vista de otras y de la escritura #12 otorgada en Caguas el 6 de noviembre de 1968 ante el notario Manuel Cruz Horta al folio 162 vto. del tomo 102 de Caguas, finca 1161, anotación B, porque la orden del Tribunal para que se expida mandamiento de Ejecución, que no está certificada ni firmada por el Juez dice que se expide con el propósito de embargar, no de vender propiedad embargada, el mandamiento de Ejecución no dá autoridad al Alguacil para poner la propiedad en poder del adjudicatario, sino sólo para que la venda en pública subasta y no se acredita el carácter de René González, ni hay motivos razonables para entender que tal autoridad exista, tomándose en su lugar anotación preventiva por 120 días a favor del comprador. Caguas a 31 de octubre de 1969."

■ Ésta fue una acción personal de cobro de dinero y no una de ejecución de hipoteca por la vía ordinaria. El Art. 2 de la Ley de 9 de marzo de 1905, el cual dispone que en el caso de una ejecución de hipoteca la orden para ejecutar la hipoteca sobre propiedad inmueble tiene toda la fuerza y efecto de un acto ordenando la posesión, tanto entre las partes interesadas en el juicio como entre éstas y cualesquiera otras que reclamasen en dicho juicio en virtud de cualquier derecho adquirido durante el pleito; y el tribunal así lo dispondrá en el fallo, expidiendo orden para que el *alguacil o el funcionario* que ejecute la orden de venta proceda *a poner al comprador en posesión de la propiedad vendida* dentro del plazo de 30 días contado desde el de la venta, no es de aplicación. Aparte de que este artículo no se aplica en el caso ante nos, su contenido no rige la cuestión del título en sí, ni constituye ejecutoria que afecte las operaciones del Registro de la Propiedad. Lo mismo puede decirse en relación con la parte pertinente de la Regla 51.3 de Procedimiento Civil.

■ La finca vendida en pública subasta había sido previamente embargada en el pleito en aseguramiento de sen-

tencia, y dicho embargo se había anotado en el Registro de la Propiedad formando así parte de las constancias del Registro que el Registrador tenía ante sí. La finca estaba sujeta, por lo tanto, a la venta en ejecución.

El mandamiento de ejecución expedido por el secretario al alguacil le ordenó que ejecutara la sentencia mediante el embargo *"y la venta en pública subasta"* de bienes de la parte demandada. La orden de ejecución firmada por el Juez dispone que para satisfacer el resto de la sentencia, se expida por el Secretario un mandamiento de ejecución dirigido al alguacil "para que proceda al embargo de cualesquiera otros bienes de la parte demandada a designación de la parte demandante y, en especial, la siguiente propiedad inmueble embargada también en dichos procedimientos de efectividad de la sentencia." (Se describe la finca ejecutada.)

■ La orden de ejecución firmada por el juez incuestionablemente permitía la venta aunque no lo dijera en los términos exactos en que lo expresó el Secretario en el mandamiento. (¹)

Por los fundamentos expresados, era procedente la inscripción del título solicitada, y no su denegatoria.

■ En vista de que lo dicho por el tribunal en su orden de 6 de noviembre de 1968 al efecto de que René A. González compareció en la subasta como presidente de la Corporación René A. González, Inc., fue producto de la petición del propio González; y no habiéndose unido a la escritura aclaratoria de venta judicial Núm. 12 la constancia de la capacidad en que en dicha escritura comparecía González como presidente

---

(¹) Como una sentencia puede ser ejecutada tomándose distintas providencias a tenor de lo dispuesto en la Regla 51 y otras disposiciones pertinentes del Código de Enj. Civil, es preferible y produce mayor certeza que en los mandamientos de ejecución expedidos por el Secretario al alguacil se transcriba literalmente la orden del tribunal, y no se expida el mandamiento por vía de relación o referencia.

de la corporación, ni aparece del expediente ante nos que dicha constancia se llevara al Registro como documento complementario procede, en lo que respecta a este punto, que la inscripción se extienda con el defecto subsanable de no haberse acreditado tal representación. *Rojas, Randall & Co.* v. *El Registrador*, 27 D.P.R. 21 (1919); *López* v. *Registrador*, 39 D.P.R. 481 (1929); cf. *Menéndez* v. *Registrador*, 45 D.P.R. 79 (1933).

■ El Registrador sostiene que el defecto impide la inscripción basándose en el Art. 1211 del Código Civil, ed. 1930. Dicho artículo, bajo las disposiciones generales del Título II referente a los contratos, dispone que ninguno puede contratar a nombre de otro sin estar por éste autorizado, o sin que tenga por la ley su representación legal, y luego declara nulo el contrato celebrado a nombre de otro por quien no tenga su autorización o representación legal, a no ser que lo ratifique la persona a cuyo nombre se otorgue antes de ser revocado por la otra parte contratante.

A pesar del laudable esfuerzo del Registrador velando por la pureza de los asientos del Registro, tenemos que concluir que en las circunstancias de este caso el Art. 1211 del Código Civil no es de aplicación, por lo que sólo hay un defecto subsanable, y no la existencia de una nulidad del título que impida su inscripción. *Cf. Lókpez* v. *Lókpez*, 64 D.P.R. 684 (1945); *Maestre* v. *Registrador*, 14 D.P.R. 682 (1908).

*Se revocará la nota anteriormente transcrita, y se ordenará la inscripción del título objeto del recurso con el defecto subsanable apuntado, de no subsanarse antes de la inscripción.*

El Juez Presidente Señor Negrón Fernández no intervino. Tampoco intervino el Juez Asociado Señor Blanco Lugo.