Manríque, Peticionario y Apelante, *v.* Diez, Juez Municipal, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en un caso sobre *certiorari.*

No. 1236.—Resuelto en marzo 25, 1915.

Certiorari—Cuándo Procede.—Sólo puede ejercitarse el recurso extraordinario de *certiorari* cuando el de apelación no facilita un remedio rápido y eficaz.

Id.—Anotación de Rebeldía Después del Juicio.—Defectos de Procedimiento.—La acción de una corte al ordenar la anotación de una rebeldía después de celebrado el juicio y antes de dictar sentencia, en vez de hacerlo con anterioridad al mismo, constituye una mera informalidad y no un defecto de procedimiento que pueda dar derecho a que se invoque la ley de *certiorari.*

Arrendamiento — Obligaciones Mancomunada y Solidariamente. — Presunción.—Alegado en este caso que la obligación de que se trata era mancomunada y no solidaria y que la sentencia debió haberse dictado contra cada uno de los arrendatarios por la mitad de la suma reclamada de conformidad con los artículos 1004 y 1005 del Código Civil, *se resolvió:* (1), que aún suponiendo que el principio consignado en los artículos citados fuera de aplicación a los arrendamientos, la cuestión sería substancial y no de procedimiento; (2), que la misma no fué promovida en la corte *a quo*, ni en ella se solicitó la modificación de la sentencia; y (3), que habiéndose dictado la sentencia, la presunción, si fuera necesario, es de que la obligación era solidaria y no mancomunada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Buitrago.*

El apelado no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La apelación interpuesta en este caso es frívola. Rafael Ramos Acosta y Julia Santana Giménez obtuvieron en la Corte Municipal de Caguas una sentencia contra sus arrendatarios Cipriano Manrique y Marcelino A. Solá, por la suma de $180. El término para apelar a la Corte de Distrito de Humacao venció sin que ninguno de los demandados interpusiera apelación. Posteriormente el demandado Cipriano Manrique presentó a la Corte de Distrito de Humacao una solicitud de *certiorari* contra la Corte Municipal de Caguas. Celebrada la vista de dicho auto la corte anuló debidamente

el mismo. Los únicos fundamentos que había para su expedición fueron que la corte municipal había procedido indebidamente al juicio sin haber dictado previamente sentencia en rebeldía contra el demandado Marcelino A. Solá, que se le citó sin que compareciera, y que la corte municipal impropiamente ordenó que fuera anotada la rebeldía después de celebrado el juicio y antes de dictarse sentencia.

Ambos demandados fueron notificados de las diligencias. La corte municipal señaló día para la celebración del juicio, oyó las pruebas, quedó el caso sometido a su consideración y estando pendiente su resolución anotó la rebeldía del demandado Marcelino A. Solá. La corte de distrito expresó correctamente que la acción de la corte municipal al anotar la rebeldía después de celebrado el juicio en vez de hacerlo con anterioridad al mismo era una mera informalidad que no lesionaba a los derechos del peticionario que compareció ante el tribunal inferior y que pudo muy bien haber interpuesto apelación. Convenimos además con el juez de distrito en que sólo puede ejercitarse el recurso de *certiorari* cuando la apelación no facilita un remedio rápido y adecuado. *Aramburu* v. *Córdova,* 17 D. P. R., 948.

De igual modo opinamos que la acción tomada por la corte municipal constituyó meramente una informalidad y no un defecto del procedimiento que pueda dar derecho a que se invoque la ley de *certiorari*.

Podría uno estar en duda de qué perjuicio posible podía alegar el apelante. Sostiene éste que la obligación era mancomunada y no solidaria y que la sentencia debió haberse dictado contra cada uno de los arrendatarios por la mitad de la suma de conformidad con los artículos 1104 y 1105 del Código Civil. En primer lugar, suponiendo que el principio consignado en estos artículos es de aplicación al arrendamiento, ésta es una cuestión substancial y no de procedimiento. En segundo lugar de los autos aparece que esta cuestión no fué promovida en la corte municipal por el peticionario ni se ha hecho ningún esfuerzo con el fin de que

fuera modificada dicha sentencia. En tercer lugar, habiéndose dictado la sentencia surgiría la presunción de que la la obligación era solidaria y no mancomunada y de que así quedó demostrado por la prueba.

Debe confirmarse la sentencia.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.