Escobar, Demandante y Apelante, *v.* Gámbaro et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección´Segunda, en causa sobre nulidad de sentencia e *injunction.*

No. 1181.—Resuelto en junio 7, 1915.

Transcripción de Autos—Documentos Obrantes en Otro Pleito—Exposición del Caso—Relación de Hechos.—No puede tomarse en consideración en una apelación la transcripción de documentos obrantes en otro pleito, a menos que, de acuerdo con la ley, fueran incluídos en una exposición del caso o relación de hechos aprobada por el juez inferior e incluída en la transcripción´de los autos.

Alegaciones—Sentencia Dictada por los Méritos de las Alegaciones—Conocimiento Judicial.—Para los efectos de resolver la controversia por los méritos de las alegaciones, el tribunal no puede considerar como de conocimiento judicial ningún hecho que no haya sido alegado en ellas.

Conocimiento Judicial—Prueba de Hechos Alegados—Méritos de las Alegaciones.—El conocimiento judicial sirve para evitar la prueba de hechos alegados que, según la ley, puede y debe conocer el juez, y por tanto no tiene aplicación cuando se resuelven cuestiones sin prueba, por los méritos de los consignados en las alegaciones, partiendo de la base de que son ciertos por no haber sido contradichos.

Injunction—Cuestiones de Derecho Envueltas en el Pleito.—Al resolverse peticiones de *injunction* preliminares o provisionales debe tenerse cuidado de no anticipar las resoluciones de cuestiones de derecho envueltas en el pleito.

Sentencia—Presunción—Jurisdicción.—Las sentencias tienen la presunción de haber sido dictadas con jurisdicción sobre las personas y sobre la cosa litigiosa, así como que para pronunciarlas se han seguido los procedimientos legales, a menos que lo contrario aparezca claramente de ella misma o se demuestre.

Injunction—Fundamentos para Concederlo—Abandono o Descuido—Otros Remedios en Ley.—Una petición de *injunction* basada en la nulidad de una sentencia debe ser examinada cuidadosamente y los fundamentos para concederla son un tanto restringidos, no siendo suficiente que la sentencia sea injusta sino que debe aparecer también que ese resultado no fué motivado por abandono o descuido de la persona a quien perjudica, debiendo mostrar claramente que fué activo en la protección de sus derechos para tener derecho al *injunction.* También debe demostrarse que se han utilizado todos los remedios que la ley concede para evitar que la sentencia pueda cumplirse, cuales son el recurso de apelación, de nuevo juicio, y el de pedirle al juez que dictó la sentencia que la deje sin efecto.

ID.—EX DEBITO JUSTITIAE—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—La
   concesión de un auto de *injunction* preliminar o provisional no es *ex debito
   justitiæ* sino que descansa en la sana discreción del tribunal guiada por las
   circunstancias de cada caso, por lo que la resolución que dicte no será revo-
   cada en apelación a menos que se demuestre que abusó de tal facultad
   discrecional.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. T. D. Mott, Jr.*

Abogado de los apelados: *Sr. Herminio Díaz Navarro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Juan de Mata Escobar presentó demanda en el Tribunal
de Distrito de San Juan, Sección 1ª., que el mismo día fué
trasladada a la Sección 2ª., contra Carlos Gámbaro Mojica,
Ramona Gámbaro Escobar, Agustina Casado y Ramón Mar-
tínez, como márshal, alegando que en 8 de noviembre de 1913
la Sección 1ª. del Tribunal de Distrito de San Juan dictó
sentencia en pleito que sobre reivindicación y otros extremos
siguieron contra él Carlos Gámbaro Mojica y Ramona Gám-
baro Escobar cuyos términos son los siguientes:

"El día 3 de noviembre de 1913 se llamó este pleito a juicio,
habiendo comparecido solamente la parte demandante répresentada
por su abogado Herminio Díaz Navarro, la que anunció estar lista
para el acto. En su virtud, dicha demandante leyó sus alegaciones,
introdujo su prueba practicándose ésta en debida forma y para poner
la demanda de acuerdo con la evidencia introducida y con las admi-
siones que hizo de la contestación, pidió y obtuvo permiso para en-
mendar y enmendó la demanda.

"Hoy la corte, tomando en consideración las alegaciones de la
misma, y basándose en los precedentes *(findings)*,declara que la ley
y los hechos están en favor de los demandantes y en contra de los
demandados, y por tanto, declara que la finca rústica que se describe
en el hecho octavo de la demanda últimamente énmendada corres-
ponde a las respectivas herencias de Juan de Mata Escobar, de Flo-
rentina Escobar y de Carlos Gámbaro Escobar, y por lo tanto, que
su actual poseedor el demandado Juan o Juan de Mata Escobar,
debe entregarla al albacea nombrada por Juan de Mata Escobar,
para que ésta proceda de acuerdo con los herederos instituídos o
judicialmente declarados a practicar en la forma legal correspon-

diente, la liquidación, división y adjudicación de la herencia de Juan de Mata Escobar, de Florentina Escobar y de Carlos Gámbaro.

"Las costas, gastos y honorarios del abogado de la demandante se imponen a la parte demandada.

"El Secretario registrará esta sentencia y librará la correspondiente orden de ejecución.

"Pronunciada. en corte abierta hoy día 8 de noviembre de 1913 y registrada hoy día 8 de los mismos mes y año. Firmado. Félix Córdova Dávila. Juez de Distrito. Sección Primera. Certifico: C. Marrero, Secretario Corte Distrito."

Que tal sentencia es nula y sin ningún efecto legal porque abarca materia extraña a las cuestiones planteadas por las alegaciones, porque manda entregar la finca descrita en el hecho octavo de la demanda "últimamente enmendada" que es de 369 cuerdas de terreno, siendo así que según el hecho tercero de dicha demanda la cosa reclamada se compone de dos porciones que ascienden a 266 cuerdas 33 céntimos aportadas a su matrimonio por Juan de Mata Escobar, las cuales unidas a la porción aportada por la esposa Agustina Casado forman una finca de 395 cuerdas cuya descripción total se hace, sin que las dos porciones que son objeto del litigio se encuentren descritas de ninguna otra manera en las alegaciones, las pruebas ni en las conclusiones del juez (*findings*)por lo que no puede saberse qué parte de la finca de 395 corresponde a las 266.33 cuerdas; que la dicha "demanda últimamente enmendada" en su apartado séptimo dice que de esa finca total se vendió un pedazo y en el octavo que en virtud de esta venta y segregación quedó la finca rústica litigiosa reducida en su extensión y la describe según el plano identificado presentado como prueba como una finca de 369 cuerdas, descripción que se refiere a la finca total de 395 cuerdas menos el pedazo vendido y no a las dos porciones que juntas hacen 266.33 cuerdas, que son la materia en litigio, pues según dicha demanda son las únicas que dejó a su muerte Juan de Mata Escobar, y de esa suerte la sentencia incluye la porción aportada por Agustina Casado, que no estaba en litigio; que por las mismas razones la sentencia

decide cuestiones no planteadas y no está de acuerdo ni sostenida por las alegaciones; que además ni las alegaciones ni las pruebas presentan materia litigiosa porque no se hace descripción de las dos porciones de terreno dejadas por Juan de Mata Escobar para poder identificarlas y que la sentencia es imposible de cumplir porque manda que la finca se entregue al albacea nombrado por Juan de Mata Escobar, que es Agustina Casado, cuyo cargo no existía al tiempo en que se dictó porque había dejado de serlo muchos años antes por ministerio de la ley.

También alega la demanda que los demandados tratan de hacer cumplir tal sentencia y que su ejecución privaría al demandante de la posesión de la finca causándole graves e irreparables perjuicios porque según su información y creencia los demandados, excepto Martínez, carecen de bienes con que responderle de los daños y perjuicios que se le ocasionarán si se lleva a cabo la ejecución de la sentencia; que sobre la finca pesa una hipoteca vencida y si los demandados llevan adelante la ejecución de la sentencia el acreedor hipotecario entablará acción para cobrar su crédito, lo que resultaría en perjuicio del demandante, pues no tiene ahora dinero para pagar esa deuda y no le sería posible conseguirlo por estar la finca en litigio y la perdería valiendo mucho más de la cantidad garantizada con la hipoteca.

Con tales alegaciones la demanda concluye con la súplica de que se declara la nulidad de la expresada sentencia y que mientras puedan resolverse las cuestiones planteadas en ella se dicte auto de *injunction* prohibiendo a los demandados que verifiquen acto alguno para llevarla a cumplimiento y a Agustina Casado que tome posesión de la finca. La demanda está jurada.

Señalado día por el juez para que los demandados comparecieran a exponer las razones que tuvieran para que no se concediese la prohibición solicitada, alegaron éstos que no debía decretarse el *injunction* porque el tribunal carecía de jurisdicción para ello; porque aun cuando la tuviera,

la demanda no expresa hechos bastantes para constituir una causa de acción, y porque la parte demandante es culpable de negligencia. Algunos días después adujeron excepción previa contra la demanda.

En 30 de junio de 1914 el juez dictó orden, que el mismo día fué registrada en el libro de sentencias, negando la petición del auto de *injunction* y de ella apeló para ante nosotros el demandante Juan de Mata Escobar.

Esto es todo lo que aparece de la transcripción de los autos para la apelación, la que no contiene exposición de hechos aprobada por el juez. Sin embargo, con la transcripción se presentó otro documento titulado también transcripción de autos en el que el secretario del tribunal inferior certifica alegaciones y algunos documentos obrantes en otro pleito seguido por Carlos Gámbaro Mojica y Ramona Gámbaro Escobar contra Juan de Mata Escobar sobre reivindicación de propiedad y otros extremos. Nosotros no podemos tomar en consideración este documento porque no es la transcripción de los autos en que se dictó la orden apelada; porque si las constancias en él certificadas fueron presentadas como prueba en la vista del *injunction* han debido traerse ante nosotros, de acuerdo con la ley, en una exposición o relación de hechos aprobada por el juez inferior e incluída en la transcripción de los autos, y porque si no fueron presentadas como prueba no podemos basarnos en ella para dictar nuestra resolución, ni aun teniendo en cuenta que el juez para dictar su resolución tomó conocimiento judicial de dicho pleito, según aparece de los fundamentos de la orden apelada, porque en este caso tenía que resolver la controversia por los méritos de las alegaciones contenidas en la petición de *injunction,* y no estaba facultado para considerar como de conocimiento judicial ningún hecho que no fué alegado en ellas. *Lowande* v. *García,* 13 D. P. R., 271. El conocimiento judicial sirve para evitar la prueba de hechos alegados que, según la ley, puede y debe conocer el juez y por tanto no tiene aplicación cuando se resuelven cuestiones

sin prueba, por los méritos de los consignados en las alegaciones, partiendo de la base de que son ciertos por no haber sido contradichos.

Por estas razones nosotros consideraremos únicamente la verdadera transcripción de autos para esta apelación y en ella nos basaremos para la resolución que dictemos.

De lo expuesto se desprende que cualesquiera que sean los fundamentos que tuvo el juez para dictar la orden que motiva esta apelación, lo que resolvió fué que no debía expedir el auto de *injunction* que *pendente lite* se le pidió y por tanto lo que nos toca resolver a nosotros es si procede confirmarla o revocarla.

Aunque pretende la parte apelante que nosotros decidamos en este recurso si la demanda de nulidad de la sentencia aduce o no hechos determinantes de causa de acción, y a discutir esta cuestión está encaminado casi todo su alegato fundándose en que uno de los motivos que tuvo el juez para dictar la resolución apelada fué que la sentencia no es nula sobre su faz porque del examen del pleito en que fué dictada, del que tomó conocimiento judicial, se advierte perfecta congruencia entre lo solicitado por el demandante y lo controvertido por el demandado, nos abstendremos de considerar tal cuestión porque no es la que debe resolverse en este caso, sino únicamente si debe o no confirmarse la orden que negó la expedición del auto de *injunction* preliminar que pidió el demandante, pues al resolverse peticiones de *injunctions* preliminares o provisionales debe tenerse cuidado de no anticipar la resolución de cuestiones de derecho envueltas en el pleito, y no debemos dar motivo para que después se nos diga que hemos resuelto cuestiones que no estaban en controversia. Por consiguiente nos limitaremos a la única cuestión que surge de la orden apelada.

Por los antecedentes expuestos puede verse que no se alega falta de jurisdicción en el tribunal que dictó la sentencia sobre las personas ni sobre la finca en litigio sino que se pretende la nulidad porque la sentencia manda entregar

más terreno del que se reclamó, porque no se describió la finca reclamada y porque es imposible entregarla a la persona que se ordena, en el carácter con que debe recibirla, porque por ministerio de la ley ya no tiene el carácter o cargo de albacea que se le atribuye y que como medida provisional se solicita se expida un auto de *injunction* prohibiendo que la sentencia se ejecute mientras se resuelve si es nula.

Las sentencias tienen la presunción de haber sido dictadas con jurisdicción sobre las personas y sobre la cosa litigiosa, así como que para pronunciarla se han seguido los procedimientos legales, a menos que lo contrario aparezca claramente de ella misma o se demuestre, y en virtud de esa presunción los tribunales deben proceder con mucha cautela en la concesión de autos prohibiendo su cumplimiento. Una petición de remedio de esta naturaleza debe ser examinada cuidadosamente y los fundamentos para concederlo son un tanto restringidos, no siendo suficiente que la sentencia sea injusta, sino que debe aparecer también que ese resultado no fué motivado por abandono o descuido de la persona a quien perjudica, debiendo mostrar claramente que fué activo en la protección de sus derechos para tener derecho al *injunction;* y como este recurso por ser extraordinario no se concede generalmente cuando existe remedio por la ley, es necesario además que se alegue que se han utilizado todos los que ella concede para evitar que la sentencia puda cumplirse y en este caso el peticionario tenía el recurso de apelación, de nuevo juicio y el de pedirle al juez que dictó la sentencia que la deje sin efecto. *Sucesión Iglesias* v. *Bolívar,* 11 D. P. R., 571; High on Injunctions, secciones 113, 114, 165, 166, 169, 170, 173, 175, 228, 230 y 231. 23 Cyc., 980 y 981.

Nada de esto se sabe por la petición de *injunction* y la falta de consignar esos hechos es motivo bastante para negar la solicitud.

Además, la concesión de un auto de *injunction* preliminar o provisional no es *ex debito justitiæ* sino que descansa en la

sana discreción del tribunal, guiada por las circunstancias de cada caso, por lo que la resolución que dicte no será revocada en apelación a menos que se demuestre que abusó de tal facultad discrecional, lo que no se ha hecho en este caso. *Morfi.* v. *Fajardo Development Co.* y *Abella* v. *Fernández,* 17 D. P. R., 797 y 1063, respectivamente; *García* v. *Torres,* 20 D. P. R., 169, y *León et al.* v. *Colón et al.,* 21 D. P. R., 273.

Por las razones expuestas la resolución apelada debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.