MARÍA DE LA PAZ, MARÍA JULIA y RAFAELA FRANCESCHI; FRANK y LUIS ANTONSANTI y TERESA, ELENA, MIGUEL y CARMEN ANTONSANTI, hijos estos cuatro últimos de MIGUEL ANTONSANTI, demandantes y apelantes, v. LA SOCIEDAD CIVIL AGRÍCOLA "MARIO MERCADO E HIJOS", demandada y apelada.

No. 5748.—*Sometido:* Diciembre 14, 1932. *Resuelto:* Julio 19, 1933.

*F. Parra Capó, L. Tormes García* y *F. Colón Díaz,* abogados de los apelantes; *José A. Poventud* y *Alberto S. Poventud,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La mercantil Antonsanti & Franceschi se componía de dos socios: J. Angel Franceschi y Francisco Antonsanti. Ambos fallecieron y cada uno fué sucedido por sus herederos. Estos incoaron pleito contra Trujillo & Mercado. Alguna de la historia anterior de ese litigio puede hallarse en *Franceschi et al.* v. *Trujillo & Mercado,* 26 D.P.R. 495, 562, y en *Franceschi* v. *Mercado,* 269 Fed. 954. Después del fallo de la Corte de Circuito de Apelaciones los demandantes iniciaron otro pleito que fué desestimado por la Corte de Distrito de Ponce, y la sentencia fué confirmada por este tribunal en

*Franceschi* v. *Mario Mercado e Hijos*, 37 D.P.R. 596. La sentencia de la Corte de Distrito de Ponce que declaró sin lugar la demanda contenía el siguiente pronunciamiento: "Se declara sin lugar la demanda con costas, desembolsos y honorarios de abogado a los demandantes." Después de algunos procedimientos (véase 41 D.P.R. 386) los honorarios de abogado fueron fijados en la cantidad de $10,000. A instancia de la parte demandada, el secretario de la corte de distrito expidió mandamiento para que los $10,000 fueran cobrados indistintamente a los demandantes. María de la Paz Franceschi depositó en corte $1,698; María Julia, la misma cantidad; y Rafaela, $1,720.58; en total, $5,116.58. Esas cantidades fueron consignadas en secretaría bajo la teoría de que la sentencia de costas era mancomunada y que cada sucesión era responsable de exactamente la mitad de las costas. Aparentemente, nada pagó la sucesión de Antonsanti. Los apelantes dicen que había catorce demandantes en el segundo pleito. No seguiremos el curso de todos los procedimientos, pero diremos que la cuestión respecto a si los apelantes debían responder solamente de la cantidad que consignaron en corte o del importe total de las costas impuestas a los demandantes en el pleito, fué debidamente planteada a la corte. Esta tomó en consideración los artículos 328, 330 y 331 del Código de Enjuiciamiento Civil y la jurisprudencia de este tribunal en *Manrique* v. *Díaz*, 22 D.P.R. 180, y *Diego Agüeros* v. *Navarrete*, 36 D.P.R. 875. La corte declaró con lugar una moción presentada por la firma demandada y ordenó que el secretario expidiese mandamiento para el cobro del saldo adeudado, a ciertos demandantes especificados, entre los que se hallan los apelantes en este caso que hicieron la consignación en corte.

Los apelantes tratan de hacer distinción de los casos de *Manrique* v. *Díaz* y *Agüeros* v. *Navarrete*, supra, y quizá esas decisiones no sean absolutamente obligatorias para ellos. Ambas partes han radicado alegatos elaborados. La principal contención de los apelantes es que el deber de pagar las

costas es una obligación, y a menos que se disponga específicamente lo contrario, toda obligación, de acuerdo con el Código Civil, es mancomunada y no *in solido*.

La apelada sostiene, entre otras cosas, que una sentencia no es un contrato; que las costas se imponen *ex delicto;* que las obligaciones impuestas por sentencia no son en sentido alguno voluntarias o concensuales, y que las disposiciones del Código Civil apenas si se aplican a las sentencias. Nos inclinamos a convenir con la mayor parte del razonamiento de la apelada.

Además, nuestro Código de Enjuiciamiento Civil fué tomado de Idaho. Según tenemos entendido, en la práctica americana las costas pueden cobrarse indistintamente contra todos y cada uno de los litigantes perdidosos. En el pago de costas no hay subrogación. En el estatuto adoptado en Puerto Rico la palabra "costas" debe entenderse como que ha sido usada en el mismo sentido en que lo fué en el estado del cual se tomó el estatuto. Allí no podría surgir duda alguna de que las costas eran cobrables como una penalidad contra todos y cada uno de los demandantes. También se nos ocurre que este pleito fué entablado por un número de demandantes individualmente. En el alegato de los apelantes éstos dicen que había catorce demandantes. El número exacto no importa. El hecho cierto es que la parte de la sentencia que concedió las costas fué dictada contra todos los demandantes. Si los apelantes tuvieran razón en su contención, entonces en cualquier pleito la obligación impuesta por la sentencia para el pago de las costas sería dividida mancomunadamente entre diez o catorce demandantes, o cualquiera que sea el número de ellos. En otras palabras, la responsabilidad de cada demandante en este caso habría importado cerca de $700, suponiendo que hubiera catorce demandantes. De suerte que en cada caso un litigante victorioso tendría que entablar un pleito separado contra todos y cada uno de sus oponentes.

430

El artículo 331 del Código de Enjuiciamiento Civil dice que la corte puede distribuir proporcionalmente las costas, lo que abona la idea de que en ausencia de tal distribución las costas pueden cobrarse indistintamente. No tenemos duda alguna de que todas las costas pueden cobrarse a cada uno de los demandantes a menos que la corte hubiera dispuesto lo contrario.

Cada uno de los demandantes optó por unirse al pleito, y cada cual es responsable de las molestias causadas a la demandada.

*Debe confirmarse la resolución apelada.*