FRANCISCO ROSARIO y EULALIA REYES, demandantes y apelantes, *v.* REGINO VEGA, DOMINGO COLÓN, como Márshal de la Corte Municipal de Cayey y JULIÁN SÁNCHEZ, demandados y apelados.

No. 5948.—*Sometido:* Diciembre 5, 1933. *Resuelto:* Enero 17, 1935.

*Molina, Dubón & Ochoteco,* abogados de los apelantes; *Miguel Guzmán Texidor,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Algunos de los señalamientos de error suscitados en este recurso envuelven cuestiones presentadas en la corte inferior y no discutidas por ella en su opinión. El caso fué resuelto principalmente en la teoría de que en una acción entablada

para suspender los procedimientos en otro litigio, los demandantes no fueron suficientemente diligentes, ni habían agotado todos sus recursos en ley y por ende no tenían derecho al *injunction* preliminar por ellos solicitado. Estamos de acuerdo. No obstante, los apelados hubieran podido ayudarnos, indicándonos que los otros señalamientos no afectaban fundamentalmente la resolución de este caso. Los apelados no han radicado alegato.

Los apelantes eran los demandados en el pleito que culminó en la sentencia cuya ejecución trataban de impedir mediante *injunction*. En síntesis, Regino Vega obtuvo sentencia en la Corte Municipal de Cayey contra los demandados, miembros de una sociedad mercantil. La deuda era claramente de la sociedad. Al ser demandados, los apelantes no contestaron, se anotó su rebeldía, se les notificó y el secretario de la corte municipal registró entonces sentencia en su contra. Se reclamaba un saldo de $150 y honorarios y costas ascendentes a $100. No se apeló de la sentencia ni se trató de que la misma fuese corregida o revisada por la corte municipal, suponiendo que existieran errores de jurisdicción o de otra índole. Tan sólo cuando se puso un mandamiento en manos del márshal para que lo ejecutara contra cierta propiedad, fué que los apelantes demostraron actividad y trataron de obtener un auto de *injunction*, que les fué denegado por la corte. Se hizo parte en el procedimiento al márshal.

Los señalamientos de error eran al efecto: (1) que antes de ejecutar la sentencia el márshal debió embargar la propiedad; (2) que como la deuda era una de la sociedad, debió haberse hecho primeramente excusión de los bienes de la sociedad; (3) que la sentencia era mancomunada y no solidaria y que la sentencia misma no era solidaria; (4) que la sentencia registrada por el secretario lo fué en exceso de su jurisdicción; (5) que el no haber expedido el auto de *injunction* solicitado causaría a los apelantes daños irreparables; que serían privados de su propiedad sin el debido

proceso de ley; que tenían un derecho de hogar seguro sobre la propiedad y que tendrían que iniciar innumerables litigios para obtener las nulidades deseadas, etc.

Ahora, es claramente evidente que un poco de actividad en la corte municipal, en apelación ante la corte de distrito, o suponiendo que existieran cuestiones jurisdiccionales, una moción ante la corte municipal, hubiesen sido provechosas a los apelantes. Las personas que solicitan recursos de *injunction* deben demostrar que han desplegado diligencia. Ésa es la jurisprudencia de esta corte y también la general. *Escobar* v. *Gámbaro*, 22 D.P.R. 572.

La corte inferior estuvo ligeramente equivocada al resolver que al considerar el derecho a que se expidiera un *injunction* preliminar no debía prejuzgar el derecho último de un demandante. Si la demanda y la prueba no presentan un caso adecuado para la expedición de un *injunction*, la corte puede hacerlo así constar inmediatamente, y dar al demandante oportunidad para enmendar su demanda o para presentar nueva prueba en una vista final. Frecuentemente la concesión o la negativa a expedir un *injunction* preliminar desanimará para siempre a la parte perdidosa.

La corte discutió una cuestión de jurisdicción en lo que a la sentencia se refería y consideró también el supuesto derecho de hogar seguro.

En su demanda los demandantes alegaron que la sentencia fué registrada en exceso de la jurisdicción del secretario de la corte municipal, toda vez que condenaba a los demandados al pago de la suma de $100 para honorarios. Ante este tribunal los apelantes alegan que si bien el convenio incluía la suma de $100 para honorarios de abogado y costas, el secretario no solamente registró una sentencia por la suma de $100 para honorarios de abogado y costas, sino que también condenó a los demandados al pago de costas en general.

Ahora bien, la corte inferior, al determinar la cuestión tal cual le fué suscitada, resolvió que los demandados no demostraron diligencia en ningún momento; que no contes-

taron, ni radicaron moción de nuevo juicio, ni dieron algún otro paso para proteger sus supuestos derechos. La idea era que para obtener un auto de *injunction*, conforme hemos dicho, los demandados debían demostrar diligencia, citando el caso de *Escobar* v. *Gámbaro et al.*, supra. A nuestro juicio la corte estaba en lo cierto, especialmente toda vez que la cuestión jurisdiccional que ahora se suscita no le fué presentada. Tal vez si se hubiese alegado una falta de jurisdicción enteramente clara y los autos del caso la demostrara, en casos especiales el *injunction* podría expedirse, a pesar de la falta de diligencia.

Examinando la sentencia dictada por la corte municipal hallamos lo siguiente: ''Condenando a los demandados a pagar al demandante la suma de $150 de capital y $100 para honorarios de abogado convenidos y las costas.'' Es posible que la cifra de ''$100'' pueda ser interpretada en forma conjuntiva en el sentido de incluir honorarios de abogado y costas. Creemos que la corte y quizá originalmente las partes, la entendieron en esa forma, pero los documentos relativos a la ejecución de la sentencia muestran una suma adicional de $3 para costas.

Es evidente que el secretario tenía derecho a registrar sentencia por $150 y $100 para costas y honorarios de abogado conjuntamente. La adición de la palabra ''costas'' en general fué un mero error que no afectó retroactivamente el derecho del secretario a registrar la sentencia. El error era fácilmente susceptible de ser corregido y a nuestro juicio el demandante en cualquier momento pudo haber condonado los $3.

Toda vez que la supuesta carencia de jurisdicción se limita a este error, la falta de diligencia a lo sumo comprendería la negativa de la corte a librar el *injunction*.

En lo que al derecho de hogar seguro se refería, creemos que éste podía ser suscitado directamente en un procedimiento en la corte municipal, conforme resolvió el juez de la corte

inferior, y en todo caso no dió a los demandantes el derecho a obtener un *injunction* bajo las circunstancias enunciadas.

■ No era necesario que se embargaran previamente los bienes que se trataban de ejecutar, sino que bastaba la incautación (*levy*). *Martínez* v. *Registrador,* 44 D.P.R. 638; *Font* v. *Rosales Cueli,* 42 D.P.R. 627.

■ La sentencia dictada debe considerarse como solidaria. *Franceschi* v. *Mercado,* 45 D.P.R. 427.

No trataremos, después de haber surgido una sentencia solidaria, de considerar la cuestión de excusión, especialmente no habiéndose demostrado suficiente derecho a la expedición de un *injunction.*

*Debe confirmarse la sentencia.*