DAMIÁN BUSQUÉTS ALMODÓVAR y MARÍA FLUMIANA BUSQUÉTS ALMODÓVAR, demandantes y apelantes, *v.* COMPAÑÍA CURTIDORA DE PUERTO RICO, demandada y apelada.

Núm. 7416.—*Sometido:* Diciembre 8, 1937. *Resuelto:* Abril 8, 1938.

*Luis Ríos Algarín,* abogado de los apelantes; *Salvador Suau Carbonell,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se apela de la resolución aprobando con algunas modificaciones el memorándum de costas presentado por la parte victoriosa en el pleito—la demandada—y se imputan a la corte cuatro errores.

■ Por el primero se sostiene que no debió aprobarse la partida de tres dólares pagada al márshal por derechos de embargo, invocándose la jurisprudencia sentada en el caso de *Roig Commercial Bank* v. *Sucesión Lugo Viña,* 34 D.P.R. 418.

No tienen razón los apelantes. En la propia decisión invocada se transcribe parte de la ley aplicable que lo es la núm. 17 de 1915 (Leyes de ese año, pág. 45), a saber: "Arancel de los derechos que deben pagarse a los marshals . . . . B.—Por notificar un embargo de propiedad o ejecución de una orden de embargo, . . . $3.00."

■ Señálese como segundo error el no haberse excluído a la codemandante María Flumiana Busquéts Almodóvar del pago de las costas y argumentándolo se dice que como cuestión de derecho había que hacer figurar a dicha parte en el litigio por ser una heredera de la persona de quien procedía la propiedad reclamada pero que de hecho no tomó participación en el pleito como se demuestra por no haber jurado las alegaciones ni comparecido al juicio.

Tampoco tienen razón los apelantes. Si María Flumiana Busquéts no quería aceptar la responsabilidad del litigio, nadie podía obligarla, y de haberse negado, su negativa no implicaba que su hermano Damián, el otro demandante, no pudiera establecer su acción. Pudo, haciéndola figurar como parte demandada. Entonces se hubiera librado de las costas. Figura como demandante y como tal compareció por medio de su abogado y es responsable. No era necesario que jurara personalmente las alegaciones ni que compareciera en el juicio.

■ El tercer señalamiento se formula así:

"Erró la corte también al resolver que la obligación del pago de costas lo era solidaria para ambas partes."

Dijo a este respecto la corte en la resolución apelada:

". . . La solidaridad de los demandantes es manifiesta, como así se declara en la opinión y sentencia, y no procede relevar a ninguno de la obligación del pago de costas. La obligación es solidaria y no puede dividirse de por mitad entre los demandantes."

La condena en costas que la sentencia de que se trata contiene, está redactada en los siguientes términos: ". . . . con imposición de las costas a la parte actora."

Si se aplicaran los precedentes españoles, tendrían razón los apelantes pues como dice la Enciclopedia Jurídica Española en su tomo 9, pág. 764:

"Es un principio de derecho procesal que las costas son personales en materia civil; en su consecuencia, cuando resultan varios vencidos, no pueden ser condenados a pagarlas solidariamente, a no ser que se encuentren en un caso especial expresamente previsto por la ley, pues la solidaridad nunca se presume.

"Esta doctrina se lleva a sus últimas consecuencias; poco importa que las partes condenadas en costas sean deudores solidarios o coherederos, porque no hay ley alguna que imponga a unos u otros la solidaridad en el pago de las costas."

Pero como son otros los precedentes aplicables por tratarse de una ley americana en su origen, la regla es distinta. En el caso de *Franceschi* v. *Mario Mercado e Hijos,* 45 D.P.R. 427, esta corte resolvió, tomándolo del resumen, lo que sigue:

"No siendo una sentencia un contrato; imponiéndose las costas *ex-delicto*; no siendo las obligaciones impuestas por sentencia en sentido alguno voluntarias y concensuales, ni siendo las disposiciones del Código Civil aplicables a las sentencias, condenados en costas varios litigantes, las mismas pueden cobrarse como una penalidad indistintamente contra todos y cada uno de ellos, especialmente cuando se considera que la ley de costas fué tomada de fuentes en que la imposición de ellas es solidaria, un número de aquéllos litiga individualmente, el pronunciamiento se hizo contra todos y la corte

dejó de distribuirlas proporcionalmente entre ellos a tenor de lo que prescribe el artículo 331 del Código de Enjuiciamiento · Civil.''

Véanse además: *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 869; *Diego Agüeros & Co.* v. *Navarrete,* 36 D.P.R. 875; y *Rosario* v. *Vega,* 47 D.P.R. 913.

El error no fué en tal virtud cometido.

■ El cuarto y último de los errores señalados tampoco existe. En él se sostiene que no procede la imposición de las costas en un pleito en el que se reclaman cinco acciones cuyo valor es incierto y se invocan varias decisiones de esta corte—*Modesto et al.* v. *Sucesión Dubois,* 16 D.P.R. 745; *Monclova* v. *Rexach,* 24 D.P.R. 313; *Veve* v. *Municipio de Fajardo,* 18 D.P.R. 764—en las cuales se resolvió que para tener derecho a honorarios de abogado en los casos en que se conceden costas y la cuantía litigiosa excede de quinientos dólares, es necesario que conste de los autos la cuantía de la reclamación o materia litigiosa. Pero la parte apelante está impedida de levantar esa cuestión porque de modo terminante alegó en su demanda que ''el valor a la par de las referidas acciones es de $1,000 cada una'' y pidió que se dictara sentencia condenando a la demandada a entregar a los demandantes las dichas cinco acciones.

*Por virtud de todo lo expuesto debe declararse el recurso sin lugar y confirmarse la resolución apelada.*