74

José Méndez López, demandante y apelado, *v.* Rafael Torres Alberti, Rafael López Nussa y Nereo Pirazzi sustituído por su heredero Rafael Pirazzi, demandados y apelantes los dos primeros.

Núm. 7997.—*Sometido:* Febrero 2, 1940. *Resuelto:* Febrero 7, 1940.

*Leopoldo Tormes García,* abogado de los apelantes; *Erasto Arjona Siaca* y *E. Huertas Zayas,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Versa este pleito sobre *injunction* posesorio y se trata ahora sobre las costas que deben satisfacer los demandados al demandante.

Por sentencia de enero 30, 1934, la Corte de Distrito de Ponce, al declarar con lugar la demanda, condenó a los tres demandados al pago de las costas. Dos de dichos demandados, Torres Alberti y López Nussa, apelaron y su recurso fué declarado sin lugar. 52 D.P.R. 943.

Archivado el mandato en la corte sentenciadora, el demandante presentó su memorándum de costas y desembolsos, fijando los honorarios de sus abogados en cinco mil dólares. El memorándum fué impugnado por los demandados.

Uno de éstos, Rafael Pirazzi, en marzo 29, 1938, y el demandante presentaron a la corte una estipulación haciendo constar que habiendo transigido amistosamente la cuestión de las costas, el dicho demandado quedaba exonerado, sin que dicha exoneración impidiera al demandante proseguir su reclamación en cuanto a los otros demandados. La estipulación fué aprobada por la corte en los siguientes términos:

". . . la Corte aprueba en todas sus partes la referida estipulación y en su virtud declara a Rafael Pirazzi y a Josefina Pirazzi relevados de toda obligación o responsabilidad con relación a las costas y honorarios que contra ellos se hayan reclamado o puedan reclamarse por la parte actora con motivo del pleito de epígrafe."

Presentaron los otros demandados una contestación enmendada ampliando su impugnación, se celebró una vista en la cual se practicó evidencia y la corte en noviembre 22, 1938, dictó la siguiente

"RESOLUCIÓN.—Visto el memorándum de costas y desembolsos radicado por el demandante en agosto 12 de 1937; vista la contestación enmendada de los demandados Rafael Torres Alberti y Rafael López Nussa, de fecha 23 de mayo de 1938; vista la estipulación de fecha 29 de marzo de 1938, hecha entre Rafael y Josefa Pirazzi y el demandante, que fué aprobada por la Corte en 4 de abril del mismo año; tomada en consideración la evidencia presentada en el acto de la vista del memorándum de costas celebrada en 6 de septiembre de 1938, las constancias del récord de este caso y los alegatos presentados por ambas partes, la Corte, por la presente aprueba dicho memorándum de costas en las siguientes partidas:

"Honorarios del Secretario_____ $5.00
"Indemnización de 12 testigos a razón de $2.00 cada uno____ 24.00
"Indemnización por gastos de viaje del testigo Roberto
    Arroyo Vivas (2 viajes) de San Juan a Ponce_____ 16.06

"Honorarios de abogados del demandante que la Corte, por
la presente, estima y fija en la suma de_____ 900. 00

Total_____ $945. 06

"Entendiéndose que de la suma de $900 fijada como honorarios
de abogado, debe rebajarse la de $300 (sic) que ya fueron pagados,
en virtud de la estipulación antes mencionada por los herederos de
don Nereo Pirazzi al demandante José Méndez López; quedando re-
ducida, por consiguiente, la suma de honorarios por pagar a la de
$567 y, por consiguiente, se ordena y decreta que, en su oportunidad,
y previos los trámites legales, los demandados Rafael Torres Alberti,
Rafael López Nussa y Nereo Pirazzi Maffiola, sustituído este último
por su sucesor y heredero Rafael Pirazzi, paguen, solidariamente,
al demandante José Méndez López, el importe total de este memorán-
dum de costas y desembolsos que ha quedado reducido a la suma en
descubierto de seiscientos doce dólares con seis centavos ($612.06)
pudiendo en su oportunidad, expedirse por el Secretario el correspon-
diente mandamiento para hacer efectiva esta resolución.''

Contra esa resolución fué que los demandados Torres
Alberti y López Nussa interpusieron el presente recurso que
fundan en cuantro errores cometidos a su juicio por la corte
al considerar que la transacción celebrada por el demandante
con uno de los demandados no los relevó de responsabilidad;
al tomar como base la cantidad convenida en la transacción
para fijar la cuantía de los honorarios; al determinar inde-
pendientemente, si no fué así, dicha cuantía, y al resolver en
general contra derecho el asunto.

Sólo existen en verdad dos cuestiones a considerar y a re-
solver, la cuantía de los honorarios y el efecto de la estipu-
lación.

En lo que a la cuantía se refiere bastará decir que
encuentra justificación en los autos. Bajo las circunstancias
concurrentes y atendida la naturaleza del pleito, no importa
que la faja de terreno cuya posesión se discutió fuera pe-
queña y de escaso valor material en sí misma. Como dijo
uno de los abogados del demandante, Erasto Arjona Siaca,
declarando ante la corte:

"Este caso tuvo cinco días de vista, se practicaron dos inspecciones oculares en el sitio de los hechos del caso. Se presentaron alegatos muy extensos donde se discutió toda la materia sobre la Ley de Interdicto para recobrar la posesión. Hubo la mar de incidentes, mociones eliminatorias, excepciones previas, contestaciones, impugnaciones, mociones eliminatorias, etc., etc. Toda la transcripción de la evidencia consiste de quinientos ochenta y siete (folios), lo que da una idea de la extensión de la prueba oral de este caso. Nosotros creemos que la laboriosísima batalla jurídica, los esfuerzos de los abogados del demandante para probar los hechos, la tenacidad y persistencia de los abogados de los demandados, el prestigio y la gran competencia de los abogados del demandante, como un caso de justicia, nosotros creemos que realmente estos honorarios deben ser valorados intrínsecamente, valdrían cincuenta mil dólares. Naturalmente que nosotros en vista de las circunstancias, al transigir con la Sucesión de Nereo Pirazzi admitimos que valían mil dólares y dicha Sucesión de Nereo Pirazzi pagó trescientos treinta y tres dólares."

■■ En cuanto a la estipulación sostienen los apelantes que tratándose de una obligación solidaria ninguno de los deudores puede, sin el consentimiento de los otros, aporcionarla, de acuerdo con el acreedor, y que si ello fuera posible, entonces debería concluirse que el pago hecho extingue la obligación por completo. Invocan el caso de *Busquéts* v. *Compañía Curtidora*, 53 D.P.R. 8 y los artículos 1094, 1096, 1098 y 1099 del Código Civil, Ed. 1930.

Se trata en efecto de una obligación solidaria. El caso invocado que siguió el de *Franceschi* v. *Mario Mercado e Hijos*, 45 D.P.R. 427 es autoridad sobre el punto. Los tres demandados Torres, López y Pirazzi fueron condenados en costas y quedaron en su consecuencia obligados a pagarlas solidariamente al demandante. La sentencia era apelable. Torres y López apelaron. Pirazzi no. E hizo más. Queriendo ultimar el asunto, transigió con el demandante a quien entregó la suma que ambos estimaron razonable como la parte de la deuda que le correspondería finalmente satisfacer.

¿Pudo el demandado Pirazzi actuar de ese modo? A nuestro juicio pudo conformarse con la sentencia y dejar de apelar, ya que el criterio de los otros demandados no era

obligatorio para él. También pudo pactar independiente-
mente con el demandante el pago de las costas, pero sin que
su pacto pudiera obligar a los otros demandados, ni legal-
mente exonerarlo de la obligación solidaria contraída, y ése
fué el alcance que dió la corte a la estipulación al dictar su
resolución final en el asunto. Como hemos visto, los hono-
rarios fueron fijados por ella en $900 y el deber de pagar-
los se impuso a los tres demandados. Se reconoció la exis-
tencia del pago hecho por uno de los demandados, Pirazzi, y
se aplicó a la reducción de la obligación como si hubiera sido
hecho por todos.

Claro es que pudiendo el demandante acreedor dirigirse
contra cualquiera de los deudores solidarios—artículo 1097
del Código Civil, Ed. 1930—para cobrar lo que falta por sa-
tisfacer, no va a hacerlo contra aquél con quien pactó y a
quien exoneró en cuanto pudo, si que lo hará contra los otros
demandados. Si así sucede ¿podrían dichos otros demanda-
dos alegar perjuicio? A nuestro juicio la pregunta debe con-
testarse en la negativa.

Si el pacto no se hubiera celebrado y el acreedor se hu-
biera dirigido contra ellos, todo el derecho que tendrían con-
tra el demandado que pactó sería el mismo que ahora tienen
o sea el de reclamarle la parte proporcional correspondiente
que ya por su propia voluntad se adelantó a satisfacer.

Los artículos del Código Civil que los apelantes invocan
no son aplicables a una situación como la que presentan los
hechos de este caso. El 1094, porque nada perjudicial hizo
el deudor Pirazzi contra sus codeudores Torres y López; el
1096, porque no es posible considerar que hubo aquí nova-
ción, compensación, confusión o remisión de la deuda hechas
por uno de los deudores solidarios, dados los términos en
que se realizó la transacción, y el 1098, porque el pago he-
cho por uno de los deudores solidarios que extingue la obli-
gación es el total y no el parcial que fué el que aquí se hizo.
En cuanto al artículo 1099 bastará decir que la resolución
apelada sigue sus preceptos, esto es, decide que la responsa-

bilidad de Pirazzi continúa siendo solidaria no obstante el pago que hizo.

La confusión que a primera vista se advierte desaparece cuando se considera que el concepto de solidaridad sólo se aplica a la obligación de los deudores para con el acreedor, pero no a las relaciones de los deudores entre sí. Para con el acreedor la responsabilidad es solidaria. Entre los deudores la responsabilidad se divide. De modo claro y terminante prescribe el artículo 1098 del Código Civil que "el pago hecho por uno de los deudores solidarios extingue la obligación" y que "el que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda con los intereses del anticipo."

*Por virtud de todo lo expuesto, no habiéndose cometido ninguno de los errores señalados y estando por el contrario la actuación de la corte ajustada a los hechos y a la ley, debe el recurso declararse sin lugar y confirmarse la resolución apelada.*